J-S33030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS MCNALT | : | |
| | : | |
| Appellant | : | No. 59 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000534-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS MCNALT | : | |
| | : | |
| Appellant | : | No. 63 EDA 2021 |

Appeal from the Judgment of Sentence Entered December 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008516-2017

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 19, 2022**

Appellant Thomas McNalt appeals from the judgments of sentence imposed after he pled guilty to possession with intent to deliver (PWID) and related offenses at Docket No. 8516-2017 and was found in violation of his probation sentence at Docket No. 534-2011. Appellant claims that the trial court erred in accepting his guilty plea at Docket No. 8516-2017 and

challenges the discretionary aspects of the sentence imposed at both docket numbers. We affirm.

The trial court summarized the underlying facts and procedural history of these matters as follows:

> With respect to [Docket No.] 534-2011, Appellant [] entered into a negotiated plea to [PWID] before this court on March 28, 2011, and was sentenced to six to twenty-three months of confinement, followed by two years of probation. On February 25, 2016, following a violation of probation (VOP) hearing, this court revoked Appellant's probation and imposed a VOP sentence of five years of probation.
>
> With respect to [Docket No.] 8516-2017, Appellant was observed selling narcotics to a confidential informant [(CI)] for the Philadelphia Police on multiple occasions between June 2, 2017, and July 12, 2017. On July 12, 2017, Philadelphia Police officers executed a search warrant on Appellant's home. Inside the home, which Appellant shared with his mother, officers recovered marijuana, a white substance alleged to be crack cocaine, plastic baggies and containers, and prerecorded buy money from the CI's purchases. Officers also found a safe containing a loaded .45 Taurus revolver with an obliterated serial number and $4895 in [United States] currency. Appellant is ineligible to possess a firearm due to previous drug convictions.
>
> As a result of these events, Appellant was arrested and charged with [PWID], conspiracy, violations of the uniform firearms act (VUFA), and related offenses. On October 9, 2018, Appellant entered into a non-negotiated guilty plea before this court to PWID, conspiracy, and VUFA.[1] On December 18, 2018, this court sentenced Appellant to three to six years of imprisonment for PWID and conspiracy, to be served consecutively, and ten years of probation for VUFA. This court also found Appellant to be in direct violation of [the court's] probation [at Docket No.] 534-2011, and revoked probation and imposed a VOP sentence of four

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 903(c), and 6105(a)(1), respectively.

to eight years of confinement, to be served concurrently to the sentence imposed on the open case.

Appellant filed a motion for reconsideration of sentence on December 26, 2018 [at each trial court docket]. . . . No direct appeal was filed. On March 22, 2019, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA) [42 Pa.C.S. §§ 9541-9546]. On April 25, 2019, Appellant's motion for reconsideration was denied by operation of law. [The trial court subsequently appointed PCRA counsel, who filed amended petitions on Appellant's behalf.] On October 19, 2020, this court granted Appellant's PCRA request for reinstatement of appellate rights and denied his request for reinstatement of post-sentence motions. On November 17, 2020, this court amended the order to allow additional time for filing a direct appeal in light of difficulties communicating with inmates in state prison due to COVID-19.

Trial Ct. Op., 3/15/21, at 1-3.

Appellant filed a notice of appeal on December 15, 2020, at each trial court docket and subsequently filed a court-ordered Rule 1925(b) statement.[2] The trial court issued a Rule 1925(a) opinion in which it concluded that Appellant had waived his challenge to the guilty plea but addressed the merits of Appellant's sentencing claim. **See** Trial Ct. Op. at 3-7.

On February 23, 2021, this Court issued a rule to show cause as to why the appeals should not be quashed as untimely. **See** Order, 2/23/21. Appellant filed a response stating that his appeal was timely in light of the trial court's order November 17, 2020 order, which purported to extend the appeal deadline to December 17, 2020. This Court subsequently discharged the rule to show cause and referred the issue to this panel for disposition.

_____

[2] On March 8, 2021, this Court *sua sponte* consolidated the instant appeals.

- 3 -

On appeal, Appellant raises the following issues:

1. Did the [trial] court err in accepting [Appellant's] guilty plea as knowing, intelligent and voluntary when there was no oral colloquy as to the charges, no review on the record of the written colloquy and maximum sentence possible for each charge, and no written or oral colloquy as to the drug type or maximum statutory sentence possible for each offense?

2. Was the trial court's consecutive state sentence of six to twelve years on the open plea and the sentence of four to eight years on the violation of probation matter excessive under the circumstances in this case, without providing adequate reasons, and a manifest abuse of discretion in that [Appellant's] presentence report indicated he never had received previous drug treatment, nor ever knew his father, and [Appellant] presented at sentencing his acceptance of responsibility, strong community supports, a lack of violence in his history, a strong work history, participation in and graduation from many prison programs while incarcerated pre-trial, and the court went significantly above the request by the Commonwealth of four to eight years of incarceration?

Appellant's Brief at 3.

**Timeliness of Appeal**

Initially, we must address whether Appellant's appeals are timely. "When the trial court issues an order reinstating an appellant's appeal rights, the appellant must file the appeal within 30 days of the order reinstating the appeal rights." *Commonwealth v. Wright*, 846 A.2d 730, 734 (Pa. Super. 2004); *see also* Pa.R.A.P. 903(a) (stating that a notice of appeal shall be filed within thirty days after entry of the order from which the appeal is taken). Because the appeal period is jurisdictional in nature, it must be strictly construed and "may not be extended as a matter of indulgence or grace." *Commonwealth v. Pena*, 31 A.3d 704, 706 (Pa. Super. 2011) (citation

omitted). Therefore, trial courts have no authority to extend the appeal deadline beyond thirty days. **_Id._**

However, this Court has declined to quash otherwise untimely appeals in circumstances where "the failure to file a timely appeal [resulted from] a breakdown in the court system." **_Commonwealth v. Stansbury_**, 219 A.3d 157, 160 (Pa. Super. 2019). Generally, a breakdown generally occurs if the trial court misstates or misinforms an appellant regarding the rules governing post-sentence motions or the time for filing an appeal. **_See Commonwealth v. Coolbaugh_**, 770 A.2d 788, 791 (Pa. Super. 2001) (declining to quash an untimely appeal where "the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation").

Here, the trial court reinstated Appellant's appeal rights _nunc pro tunc_ on October 19, 2020. Accordingly, Appellant's notices of appeal were due on or before November 18, 2020. However, one day before the appeal period expired, the trial court issued an additional order purporting to extend the appeal deadline to December 17, 2020. **_See_** Trial Ct. Order, 11/17/20, at 1. Because the trial court did not have the authority to extend the appeal period, Appellant's December 15, 2020 notice of appeal was untimely filed. **_See Wright_**, 846 A.2d at 734; **_see also_** Pa.R.A.P. 903(a).

However, the trial court's order misinformed Appellant about the impending appeal deadline, which ultimately resulted in his failure to file a

timely notice of appeal.[3]  Under these circumstances, we conclude that there was a breakdown in the operations of the court that prevented Appellant from filing a timely notice of appeal.  **See Coolbaugh**, 770 A.2d at 791.  Therefore, we will address the merits of Appellant's claims.

### Guilty Plea

In his first issue, Appellant challenges the validity of his guilty plea at Docket No. 8516-2017.  Appellant's Brief at 12-14.  Specifically, Appellant argues that the trial court failed to conduct a plea colloquy to ensure that his plea was knowing, voluntary, and intelligent.  **Id.**  However, as noted previously, the trial court concluded that Appellant failed to preserve this claim.  **See** Trial Ct. Op. at 3.  Based on our review of the record, we agree.

It is well settled that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.  Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).  Failure to employ either

_____

[3] We recognize that this Court has quashed an untimely appeal when a trial court accurately informed the appellant about his appeal rights at sentencing, but erroneously granted a motion to extend the appeal deadline.  **See Commonwealth v. Santiago**, 1450 WDA 2018, 2020 WL 1527266, at *1 & n.5 (Pa. Super. filed Mar. 30, 2020) (unpublished mem.).  However, in the instant case, neither the docket nor the certified record indicates that Appellant or Appellant's counsel asked the trial court to extend the appeal deadline.  Instead, it appears that the trial court issued the order *sua sponte* in light of ongoing communication difficulties caused by prison lockdowns during the COVID-19 pandemic.  **See** Trial Ct. Order, 11/17/20, at 1.  Therefore, given that the trial court took action before the appeal deadline expired and without prompting from Appellant, we conclude that a breakdown occurred.

measure results in waiver." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (some citations omitted).

Here, the record confirms that Appellant did not object during the plea hearing, nor did he file a motion to withdraw his plea. Under these circumstances, we are constrained to find Appellant's first issue waived. ***See id.***

## Discretionary Aspects of Sentence

In his second claim, Appellant contends that the trial court imposed excessive sentences at both docket numbers. Appellant's Brief at 11. In support, Appellant argues that the trial court failed to provide reasons for the sentences and "completely ignored the mitigation evidence presented regarding [Appellant's] history, character, and prospects for rehabilitation." ***Id.*** at 19. Appellant further claims that the trial court "failed to give adequate weight" to his "lack of any previous drug treatment, that he never knew his father, that he accepted responsibility for his crime, his strong community supports, a lack of violence in his history, a strong work history and his participation in and graduation from many prison programs while incarcerated." ***Id.*** at 11. Therefore, Appellant concludes that the trial court abused its discretion in imposing both sentences.

Appellant's claims implicate the discretionary aspects of his sentences. It is well settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***,

150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, Appellant filed a timely notice of appeal, preserved a sentencing claim in a post-sentence motion, and included a concise statement of the reasons relied upon for allowance of appeal in his brief. *See Corley*, 31 A.3d at 296; *Malovich*, 903 A.2d at 1251. To the extent Appellant claims that the trial court failed to adequately weigh mitigating factors, that issue does not raise a substantial question. *See Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) (stating that "a claim that a court did not weigh the [sentencing] factors as an appellant wishes does not raise a substantial question" (citations omitted)). However, Appellant's claim that the trial court imposed an excessive sentence and "ignored" mitigating factors raises a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (finding that an excessive sentence claim, together with an assertion that the court failed to consider mitigating factors, presents a substantial question). Therefore, we will address the merits of Appellant's second claim.

> Our well-settled standard of review is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted); *see also Commonwealth v. Shires*, 240 A.3d 974, 977 (Pa.

Super. 2020) (stating that "revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion" (citation omitted and formatting altered)).

When fashioning a sentence, the court shall follow the general principle that the sentence imposed should call for confinement that is "consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b); *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (stating that "the trial court is required to consider the particular circumstances of the offense and the character of the defendant," including the defendant's "prior criminal record, age, personal characteristics, and potential for rehabilitation" (citation omitted)).

When a court revokes a defendant's probation and imposes a new sentence, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b); *see also Derry*, 150 A.3d at 991 (noting that although VOP courts must consider the general sentencing principles under Section 9721(b), the "sentencing guidelines are not required to be consulted in such instances"

- 10 -

(citation omitted)).[4]  However, VOP courts may not impose a sentence of total confinement unless (1) the defendant has been convicted of another crime; (2) the defendant's conduct demonstrates a likelihood that he will commit another crime if not imprisoned; or (3) "such a sentence is essential to vindicate the authority of the court."  42 Pa.C.S. § 9771(c).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citation omitted).  Further, where a presentence investigation (PSI) report exists, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."  **Commonwealth v. Conte**, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted); **see also Commonwealth v. Watson**, 228 A.3d 928, 936 (Pa. Super. 2020) (reiterating that sentencing courts "are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure" and that, where a PSI

---

[4] We note that the Resentencing Guidelines apply when probation is revoked based on an offense committed on or after January 1, 2020.  **See** 204 Pa. Code § 307.2(b); **see also** 42 Pa.C.S. § 2154.4.  Here, because Appellant committed the underlying offense in 2017, the trial court was not required to consider the Resentencing Guidelines when imposing Appellant's VOP sentence.

exists, "the sentencing court's discretion should not be disturbed" (citation omitted)).

However, "[w]e cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) (citation omitted).  Additionally, it is well settled that "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citation omitted).

Here, before imposing Appellant's sentences, the trial court stated:

> I have considered the sentencing guidelines, the previous pre-sentence investigation reports, and I sentence you for punishment and prevention of further crimes, rehabilitation, vindication of the court's authority, and the fact that you may be a threat to the public.  I took into consideration your plea and your past records, and I will deviate from the guidelines[5] as the Commonwealth has requested, and I considered the arguments of counsel and the Commonwealth.

N.T. Sentencing Hr'g, 12/18/18, at 16.

In its Rule 1925(a) opinion, the trial court addressed Appellant's sentence in the new criminal case at Docket No. 8516-2017 as follows:

> Contrary to Appellant's claims, this court properly considered all relevant discretionary factors when fashioning its sentence.  This court considered the presentence report, statements from defense

---

[5] We note that, based on the Commonwealth's recommendation, the trial court imposed sentences within the mitigated guideline range.

- 12 -

counsel, statements from Appellant's cousin, and Appellant's own statements at the time of sentencing. This court was aware that Appellant's criminal history consists entirely of non-violent drug offenses - and in fact asked several questions specifically clarifying the nature of Appellant's prior record - and that the gun in question was not found on his person. It took into consideration that Appellant serves as the primary caretaker for his mother, and that he is involved in raising his daughter. This court took into consideration that, despite his history of drug offenses, Appellant appears to have been successful in maintaining some form of legitimate employment, and that Appellant was taking advantage of educational and job training programs while incarcerated. This court appreciates that Appellant appears remorseful for his actions, and that he hopes to lead a productive and law-abiding life going forward.

Unfortunately, this court cannot ignore the fact that Appellant has committed numerous drug offenses, and was on probation for multiple drug cases at the time of this offense. Appellant has had numerous chances to rehabilitate himself while not in custody, and has not been able to do so. This court was particularly concerned that a loaded firearm with an obliterated serial number was found in Appellant's home, indicating that he poses more of a threat to public safety than his non-violent record might suggest. As such, this court fashioned a sentence intended to rehabilitate Appellant and protect the public.

Trial Ct. Op. at 4-5.

With respect to Appellant's VOP sentence at Docket No. 534-2011, the

trial court explained:

Here, Appellant satisfied all three of the conditions of [Section] 9771(c). His plea to PWID, conspiracy, and VUFA placed him in direct violation of this court's probation. Appellant's multiple drug convictions and the fact that he was found in possession of an illegal firearm lead this court to believe that he will continue to commit crimes if not incarcerated. Moreover, as this court stated at the time of sentencing, the sentence was essential to vindicate the authority of the court. It is clear from Appellant's record and the fact that he was this court's probation as well as probation for another drug offense [supervised by a different judge] at the time

of his violation, that he does not respect the rules of probation or the authority of the court.

*Id.* at 6-7 (footnote omitted).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Shires*, 240 A.3d at 977; *Raven*, 97 A.3d at 1253. The record reflects that the trial court considered the appropriate sentencing factors and mitigating evidence as stated at the sentencing hearing and ultimately imposed sentences in the mitigated range. *See Ventura*, 975 A.2d at 1135; *see also Crump*, 995 A.2d at 1283.

Further, the trial court had the benefit of prior PSI reports, along with a new PSI report that the trial court ordered prior to Appellant's sentencing on both matters in 2018. Although the trial court did not specifically discuss the details contained in Appellant's new PSI report, we presume that the trial court "was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." *Conte*, 198 A.3d at 1177; *see also Watson*, 228 A.3d at 936.

Under these circumstances, we have no basis to conclude that the trial court abused its discretion in imposing Appellant's new sentence at Docket No. 8516-2017 or the VOP sentence at Docket No. 534-2011. *See Shires*, 240 A.3d at 977; *Raven*, 97 A.3d at 1253. Therefore, Appellant is not entitled to relief.

Judgments of sentence affirmed.

Judge Bowes joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2022