J-S33020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL CANCEL | : | |
| | : | |
| Appellant | : | No. 235 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002545-2016,
CP-51-CR-0003457-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL CANCEL | : | |
| | : | |
| Appellant | : | No. 236 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 11, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002545-2016,
CP-51-CR-0003457-2013

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:　　　　　**FILED JANUARY 19, 2022**

Appellant Daniel Cancel appeals[1] from the judgments of sentence imposed after he pled guilty to attempted murder and related offenses at

_____

[1] We note that Appellant initially appealed from the January 4, 2021 orders reinstating his appellate rights *nunc pro tunc*, rather than the judgments of
*(Footnote Continued Next Page)*

Docket No. 2545-2016 and was found in violation of his probation sentence at Docket No. 3457-2013. Appellant challenges the discretionary aspects of the sentences imposed at both docket numbers. We affirm.

The trial court set forth the facts and procedural history of this matter as follows:

> With respect to Docket No. 3457-2013, on July 30, 2013, [Appellant] entered into a negotiated guilty plea before this court to possession with intent to deliver [(PWID)] and conspiracy, and was sentenced to one (1) year of intermediate punishment, to be followed by two (2) years of probation.
>
> On December 25, 2015, while on this court's probation, [Appellant] met Shaniece Cantres at a bar in Philadelphia. Ms. Cantres and [Appellant] went to [Appellant's] vehicle in order to drive to another bar. [Appellant] drove to a dead end street, parked his vehicle, and asked Ms. Cantres to have sex with him. She refused and exited the vehicle. [Appellant] then proceeded to attack Ms. Cantres. He punched her repeatedly in the back of the head, knocking her to the ground. He broke a vodka bottle and used the broken bottle to cut the victim's face and upper

_____

sentence entered on September 11, 2017. On appeal, this Court issued a rule to show cause as to why the appeal should not be quashed on the basis that Appellant was not an aggrieved party. *See* Order, 3/5/21. Appellant filed a response stating that he had intended to appeal from the underlying judgments of sentence, rather than the orders reinstating his appeal rights. This Court subsequently discharged the rule to show cause and referred the issue to this panel for disposition.

Our review confirms that Appellant's notices of appeal were timely filed and that he complied with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) by filing a separate notice of appeal at each docket number. Further, although Appellant appealed from the incorrect orders, that error did not invalidate his notices of appeal. *See* Pa.R.A.P. 902 (stating that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal"). Therefore, because Appellant's notices of appeal are otherwise proper, we have corrected the captions accordingly.

body. [Appellant] took the victim's purse and cell phone. [Appellant] then abandoned the victim, who was unconscious and lying on the ground. When she awoke, the victim called 911 and was taken to the Temple University Hospital, where it was determined that she sustained a broken nose, a broken middle finger, multiple facial lacerations including a five-centimeter cut on one cheek, an ear laceration, a scalp laceration, and a stab wound to her upper arm. Ms. Cantres required a blood transfusion, and was kept in the hospital for four days before being released.

As a result of the attack on Ms. Cantres, [Appellant] was arrested and charged with attempted murder and related charges. On June 8, 2017, [Appellant] pled guilty before this court to attempted murder, aggravated assault, robbery, possession of an instrument of a crime (PIC), theft by unlawful taking, receiving stolen property, simple assault, and recklessly endangering another person (REAP). Sentencing was deferred pending a pre-sentence investigation (PSI) report, and on September 11, 2017, this court sentenced [Appellant] to ten (10) to twenty (20) years of confinement for attempted murder and aggravated assault, to run concurrently, ten (10) to twenty (20) years of confinement for robbery, to run consecutively, and two and one half (2 ½) to five (5) years of confinement for PIC, to run consecutively. No further penalty was given for simple assault and REAP, and theft by unlawful taking and receiving stolen property merged with robbery for sentencing purposes. This court also found [Appellant] to be in violation of its probation on Docket No. 3457-2013, and revoked probation and imposed a new [violation of probation (VOP)] sentence of five (5) to ten (10) years of confinement for both PWID and conspiracy, to run consecutively to one another and the sentence imposed on Docket No. 2545-2016.

[Appellant] filed a motion for reconsideration of sentence on September 21, 2017, which this court promptly denied.[2] [Appellant] then filed a notice of appeal to the Superior Court of

_____

[2] In his post-sentence motion, Appellant asked the trial court to reconsider the sentences imposed at both docket numbers based on his lack of criminal history and the fact that he had "high community and family support." Mot. for Reconsideration, 9/21/17, at 2. Appellant also argued that the trial court's sentence was "excessive" and "above the applicable sentencing guidelines." *Id.*

Pennsylvania on September 26, 2017. On April 11, 2019, the Superior Court affirmed this court's sentence, based solely on the fact that [Appellant] failed to include a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his appellate brief.

On March 18, 2020, [Appellant] filed a *pro se* petition pursuant to the Post Conviction Relief Act[3] (PCRA). PCRA counsel was subsequently appointed. On January 4, 2021, this court granted [Appellant's] request for relief and reinstated his appellate rights.

Trial Ct. Op., 3/19/21, at 1-3 (record citations omitted).

Appellant subsequently filed timely notices of appeal and a court-ordered Pa.R.A.P. 1925(b) statement.[4] The trial court issued a Rule 1925(a) opinion setting forth the reasons for Appellant's sentences at both docket numbers and concluding that Appellant was not entitled to relief.

On appeal, Appellant raises the following issue:

Appellant's sentence was an abuse of discretion as he was sentenced by the [trial] court to an aggregated [twenty-two-and-a-half to forty-five] years for attempted murder (F1), robbery, [and] PIC (M1) [at Docket No. 2545-2016] and a consecutive [ten-to-twenty] years [at Docket No. 3457-2013] on the VOP ([five] to [ten] years on the PWID and conspiracy, all to run consecutive). In maximizing the sentences imposed, the court failed to thoroughly consider [Appellant's] background, his ability for rehabilitation, his social history, rehabilitative needs, and mental health capacity. In justifying the sentence, the court failed to take into account the [PSI] report and only acknowledged the

_____

[3] 42 Pa.C.S. §§ 9541-9546.

[4] In his Rule 1925(b) statement, Appellant argued that trial court abused its discretion because it failed to state the reasons for Appellant's sentence and did not "thoroughly consider Appellant's background, his ability for rehabilitation, his social history, rehabilitative needs, and mental health capacity to state on the record, as required by 42 Pa.C.S. § 9721(b)." Rule 1925(b) Statement, 2/24/21, at 1-2.

sentencing guidelines as a perfunctory exercise and focused exclusively on the victim and crime.

Appellant's Brief at 7 (some formatting altered).

Appellant argues that the trial court's sentences at both docket numbers were "manifestly unreasonable, excessive, and without support on the record." *Id.* at 14. In support, he claims that the trial court focused solely on the victim and "did not even acknowledge the PSI report on the record, much less take into account any mitigating factors." *Id.* at 19. Further, Appellant argues that although the trial court "mentioned the sentencing guidelines[,] it did so only as a perfunctory exercise and focused its consideration entirely on the severity of Appellant's offenses and the victim." *Id.* Appellant asserts that the trial court's sentences were "aimed to punish [him] without any regard for the appropriate considerations of [Section] 9781." *Id.* at 17. Therefore, Appellant concludes the trial court abused its discretion in imposing both sentences. *Id.*

Appellant's claim implicates the discretionary aspects of his sentence in both the VOP matter and the new criminal case. It is well settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to

- 5 -

the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, Appellant filed timely notices of appeal, preserved his sentencing claims in a post-sentence motion, and included a concise statement of the reasons relied upon for allowance of appeal in his brief. ***See Corley***, 31 A.3d at 296; ***Malovich***, 903 A.2d at 1251. Further, Appellant's claim raises a substantial question for our review. ***See Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (finding that an excessive sentence

claim, together with an assertion that the court failed to consider mitigating factors, presents a substantial question); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (stating that a VOP court's failure to consider Section 9721(b) presents a substantial question for our review). Therefore, we will address the merits of Appellant's claims.

> Our well-settled standard of review is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted); *see also Commonwealth v. Shires*, 240 A.3d 974, 977 (Pa. Super. 2020) (stating that "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion" (citation omitted).

"[T]he sentencing court must fashion a sentence that is 'consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.'" *Commonwealth v. Bradley*, 237 A.3d 1131, 1140

(Pa. Super. 2020) (discussing the general sentencing principles set forth at 42 Pa.C.S. § 9721(b)).

> Additionally, this Court has explained that
>
> the sentencing court is required to consider the sentence ranges set forth in the sentencing guidelines, but it [is] not bound by the sentencing guidelines. The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." When a court chooses to depart from the guidelines[,] however, it must "demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines." Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b).

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (some citations omitted and formatting altered). However, "all that a trial court must do to comply with [these] procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014).

"When reviewing a sentence outside of the guidelines, the essential question is whether the sentence imposed was reasonable." *Commonwealth v. Durazo*, 210 A.3d 316, 321 (Pa. Super. 2019) (citations omitted); *see also Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007).

> This Court has explained:
>
> An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing

guidelines and the sentence is unreasonable." 42 Pa.C.S. § 9781(c)(3). In making a reasonableness determination, a court should consider four factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d). A sentence may be found unreasonable if it fails to properly account for these four statutory factors. A sentence may also be found unreasonable if the "sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing." **Walls**, 926 A.2d at 964 (discussing 42 Pa.C.S. § 9721(b)).

**Sheller**, 961 A.2d at 190-91.

When a court revokes a defendant's probation and imposes a new sentence, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b); **see also Derry**, 150 A.3d at 991 (noting that although VOP courts must consider the general sentencing principles under Section 9721(b), the "sentencing guidelines are not required to be consulted in such instances" (citation omitted)).[5] However, VOP courts may not impose a sentence of total

_____

[5] We note that the Resentencing Guidelines apply when probation is revoked based on an offense committed on or after January 1, 2020. **See** 204 Pa. Code § 307.2(b); **see also** 42 Pa.C.S. § 2154.4. Here, because Appellant

*(Footnote Continued Next Page)*

confinement unless (1) the defendant has been convicted of another crime; (2) the defendant's conduct demonstrates a likelihood that he will commit another crime if not imprisoned; or (3) "such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa. Super. 2010) (citation omitted). Further, where a PSI exists, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Conte**, 198 A.3d 1169, 1177 (Pa. Super. 2018) (citation omitted); **see also Commonwealth v. Watson**, 228 A.3d 928, 936 (Pa. Super. 2020) (reiterating that sentencing courts "are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure" and that, where a PSI exists, "the sentencing court's discretion should not be disturbed" (citation omitted)).

Additionally, "[w]e cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." **Commonwealth v.**

---

committed the underlying offense in 2015, the trial court was not required to consider the Resentencing Guidelines when imposing Appellant's VOP sentence.

*Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (citation omitted). Additionally, it is well settled that "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citation omitted).

Here, the record reflects that the trial court ordered both a mental health evaluation and a PSI report in preparation for Appellant's sentencing hearing. *See* N.T. Guilty Plea Hr'g, 6/8/17, at 9-10. At sentencing, the trial court heard from Appellant's counsel, Appellant, and Appellant's mother, who each described Appellant's struggle with alcohol abuse, strong family ties, and lack of violent history. *See* N.T. Sentencing Hr'g, 9/11/17, at 5-7, 6-29. Appellant also read a letter to the trial court in which he took responsibility for his crimes and apologized to the victim. *Id.* at 28. The victim and the victim's mother also made statements concerning the pain and trauma that the victim suffered as a result of the assault. *See id.* at 10-23.

The trial court then stated:

All right. Well, I've taken into consideration the sentencing guidelines. I've taken into consideration the exhibits that have been entered. I've taken into consideration the testimony that's been offered here. And I've taken into consideration what both families have -- had to say. The families of the victim, families of [Appellant].

*See id.* at 29.

After the Commonwealth stated the guidelines for the record, the trial court continued:

I have taken into consideration the statutory guidelines. I don't think the guidelines apply in this situation. I've looked at the medical records. I've looked at the photographs. And the guidelines are for my review, but they're not that I have to follow. But in a situation like this where a young lady was beaten and left for dead, I cannot envision the guidelines applying in a situation such as this, therefore I depart from the guidelines.

**See id.** at 30.

In its Rule 1925(a) opinion, the trial court further explained:

[T]his court considered the sentencing guidelines when formulating [Appellant's] sentence [at Docket No. 2545-2016]. The sentencing guidelines, when they apply, are only mandatory to the extent that they must be considered when sentencing. "Although a sentencing court is not required to follow the guidelines, it is obligated to provide, on the record, a statement of the reason or reasons for deviation from the guidelines." **Commonwealth v. Vinson**, 522 A.2d 1155, 1159 (Pa. Super. 1987); **see also** 42 Pa.C.S. § 9721(b).

Attempted murder, the lead charge in this case, carries an offense gravity score (OGS) of fourteen, and [Appellant's] prior record score (PRS) is a two. Thus, under the deadly weapons used matrix, the guideline sentence is one hundred [and] fourteen months up to the statutory limit of confinement, plus or minus twelve months for aggravating or mitigating circumstances. As such, this court's sentence of ten to twenty years of confinement is within the aggravated guidelines range.[6]

---

[6] Although the trial court correctly set forth the guidelines for Appellant's attempted murder conviction, the court incorrectly referred to the sentence as being "within the aggravated guidelines range." **See** Trial Ct. Op. at 5. The sentencing guidelines establish the range for a defendant's **minimum** sentence, not the maximum. **See Commonwealth v. Boyer**, 856 A.2d 149, 153 (Pa. Super. 2004). Therefore, Appellant's sentence of 120-240 months for attempted murder (F1) is within the standard guideline range. **See** 204 Pa.Code 303.17(b) (reflecting a minimum guideline sentence of 120 months to the statutory limit for an OGS of 14 and a PRS of two); **see also** 18 Pa.C.S. § 1103(1) (stating that the statutory maximum for a first-degree felony is twenty years' imprisonment).

Aggravated assault carries an OGS of 11, for a guideline sentence of sixty-six to eighty-four months of confinement, plus or minus twelve months for aggravating or mitigating circumstances.

Robbery carries an OGS of 10, resulting in a guideline sentence of fifty-four to sixty-six months of confinement, plus or minus twelve months for aggravating or mitigating circumstances. This court was fully aware of the guidelines and properly considered them at the time of sentencing, however, for the reasons stated on the record and discussed below, it chose to deviate from the guidelines.

* * *

It is clear from the record that this court did consider[] the mitigating evidence presented by [Appellant]. At the outset of the hearing, trial counsel informed this court of [Appellant's] extensive drinking problem, and stated that [Appellant] "was out of his mind drunk" at the time he attacked Ms. Cantres. N.T. Sentencing Hr'g at 5-6. This court acknowledged that [Appellant] had family support, and heard from [Appellant's] mother, who attributed [Appellant's] conduct to his drinking, and [stated] that [Appellant] is a good person. *Id.* at 7-8, 26-27. This court also heard from [Appellant], and took into consideration that [Appellant] expressed genuine remorse for his actions and took responsibility by pleading guilty. *Id.* at 28-29. ("I'm very deeply sorry for the pain and suffering that I caused her and her family"). Furthermore, this court was aware that [Appellant's] PRS was a two, and that his prior record consisted of nonviolent drug cases. *Id.* at 6-7. This court stated on the record that it considered the guidelines, the testimony, and the statements provided [by Appellant's] family when fashioning its sentence. *Id.* at 29.

In addition to this mitigating information, this court also considered the aggravating factors in this case. [Appellant] felt entitled to severely beat and stab a young woman solely because she did not want to have sexual intercourse with [him]. His attack on Ms. Cantres was so extreme that witnesses who saw her afterwards said it looked as if "her face was hanging off." *Id.* at 9. She required extensive hospitalization, and still has visible scarring to her face. Once he had beaten her to the point of unconsciousness, [Appellant] decided to take her purse and leave her for dead on the streets of Philadelphia. This court was appalled by the violence and depravity of [Appellant's] actions, and for his extreme indifference to human life. It can think of no

- 13 -

evidence that would have served to mitigate [Appellant's] conduct, nor does it believe that the guidelines contemplated a situation such as this, where the victim is severely beaten, disfigured, and left for dead when all she was trying to was walk away from [Appellant]. Because this court properly considered the sentencing guidelines and relevant aggravating and mitigating factors when fashioning its sentence, it did not abuse its discretion in fashioning [Appellant's] sentence.

Trial Ct. Op. at 4-6 (some formatting altered).

With respect to Appellant's VOP sentence, the trial court explained:

This court's sentence was lawful and not manifestly unreasonable. The sentences imposed by this court do not exceed the relevant statutory maximums. [Appellant] also met the criteria for imposing a sentence of total confinement upon revocation of probation. 42 Pa.C.S. § 9771(c)(1) was clearly satisfied when [Appellant] pled guilty to attempted murder and related charges. This court also believes that the extremely violent nature of [Appellant's] conduct and dramatic escalation of his criminal behavior indicates that he is likely to continue to commit crimes if not imprisoned, thus satisfying § 9771(c)(2). Similarly, [Appellant's] conduct indicates that he has no appreciation for the nature of his probation or the authority of this court, thus making a sentence of total confinement necessary to vindicate this court's authority. Moreover, as discussed above, the record clearly shows that the court took numerous mitigating and aggravating factors into consideration when formulating [Appellant's] new sentence. The totality of the record reveals that this court did not err in formulating [Appellant's] VOP sentence.

*Id.* at 7.

Based on our review of the record, we discern no abuse of discretion by the trial court in imposing Appellant's sentences. *See Raven*, 97 A.3d at 1253; *Shires*, 240 A.3d at 977.

The record confirms that the trial court considered the Section 9721 factors, including the sentencing guidelines applicable to each offense at

Docket No. 2454-2016.  **See** N.T. Sentencing Hr'g at 29; **see also** Trial Ct. Op. at 4-5.  Further, the court had the opportunity to observe Appellant at sentencing, and properly accounted for the statutory factors set forth at 42 Pa.C.S. § 9781(d).  **See Sheller**, 961 A.2d at 190-191.  Finally, we note that the trial court had the benefit of a PSI report.  Therefore, although the trial court did not specifically discuss the details of Appellant's background at sentencing, we presume that the trial court "was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors." **Conte**, 198 A.3d at 1177; **see also Watson**, 228 A.3d at 936.  Under these circumstances, we have no basis to conclude that the trial court's sentence at Docket No. 2545-2016 was unreasonable or that the trial court abused its discretion by imposing the VOP sentence at Docket No. 3457-2013.  **See Sheller**, 961 A.2d at 190-191; **Derry**, 150 A.3d at 991.  Accordingly, Appellant is not entitled to relief.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2022

- 15 -