2020 PA Super 238

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS L. SHIRES, II, | : | |
| | : | |
| Appellant | : | No. 233 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 6, 2017
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0002155-1998

BEFORE:   LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:                    **FILED SEPTEMBER 28, 2020**

Dennis L. Shires, II (Appellant), appeals *nunc pro tunc* from his July 6, 2017 judgment of sentence, which the trial court imposed after revoking Appellant's probation. Appellant's counsel originally filed in this Court a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We denied counsel's petition and remanded for the filing of new briefs on the issue of whether Appellant's violations of the conditions of supervision imposed by the State Board of Probation and Parole (the Board) were sufficient to revoke his probation. Counsel has filed a merits brief and the Commonwealth declined to file a responsive brief.  After review, we conclude that the trial court erred by revoking Appellant's probation based upon his violations of the conditions of supervision when those conditions were neither court-ordered nor germane to the condition of probation set by the

_____

*Retired Senior Judge assigned to the Superior Court.

trial court in 2002. Accordingly, we vacate Appellant's judgment of sentence, reverse the order revoking his probation, and reinstate his 2002 judgment of sentence.

This Court previously provided a full recitation of the procedural history. *See Commonwealth v. Shires*, 221 A.3d 1284 (Pa. Super. 2019) (remanding for a compliant *Anders* brief or merits brief) (unpublished memorandum) (*Shires I*) *and Commonwealth v. Shires,* ___ A.3d ___, 2020 WL 3041625 (Pa. Super. 2020) (remanding due to issue of arguable merit) (unpublished memorandum) (*Shires II*). Briefly, Appellant was convicted of rape, involuntary deviate sexual intercourse (IDSI), and aggravated indecent assault related to a 1998 incident in which Appellant brandished a knife and sexually assaulted a 17-year-old clerk in the adult video room of a video store. In accordance with a guilty plea agreement, on October 23, 2002, Appellant was sentenced to 5½ to 11 years of incarceration for rape, followed by 3½ to 7 years of incarceration for aggravated indecent assault, followed by "supervision by the [Board]" for a period of 20 years for IDSI. Order, 10/29/2002, at 1-2. The only condition of probation imposed at that time was payment of costs, fines, and restitution. *Id.*

The Board thereafter required Appellant to sign and follow 28 conditions of supervision. These conditions were set forth over the course of three documents, all of which were signed by Appellant: (1) Conditions

2

Governing Special Probation/Parole in February 2010; (2) Optional Special Conditions for Sex Offenders in May 2016; and (3) Standard Special Conditions for Sex Offenders in May 2016.

Between 2002 and 2016, there was no docket activity. Without any precipitating filings or corresponding transcripts, on December 28, 2016, the trial court entered an order providing that "as additional conditions of [Appellant's] special probation, [Appellant] must comply with the conditions governing probation and parole, the standard special conditions for sex offenders, and any supplemental standard special conditions of supervision." Trial Court Order, 12/28/2016, at 1. According to a notation on the order, it was served upon the Public Defenders' Office, who had previously represented Appellant, but not directly to Appellant.

In 2017, after Appellant completed parole and was serving his probationary tail, the Board charged Appellant with three violations of probation.[1] Appellant admitted to the conduct at issue at the **_Gagnon II_**[2]

---

[1] The three allegations were as follows.

> The Board first alleged that Appellant admitted to his probation officer that he had picked up 16-year-old and 18-year-old females at 3:30 a.m. on February 6, 2017, with the intention to ask them to expose their breasts to him. …

> The Board next alleged that Appellant was discharged from Triad Treatment Specialists because Appellant had accessed or possessed pornography, had self-reported persistent reliance on

*(Footnote Continued Next Page)*

3

hearing, but denied that the conduct violated the terms of his probation. The trial court was not persuaded, and it revoked Appellant's probation and sentenced Appellant on July 6, 2017, to three to ten years of incarceration, to be followed by a period of special probation of ten years.

After a series of procedural missteps discussed in our prior memoranda, this appeal filed *nunc pro tunc* presently is before us. As noted above, in our last memorandum we determined that the issue of whether the violations of the conditions of supervision imposed by the Board were sufficient to revoke Appellant's probation was "not so clearly devoid of merit to warrant classifying this appeal as frivolous." **Shires II**, **supra** (unpublished memorandum at 8). Rather, we concluded "that counsel [should have been] able to put forward good-faith arguments that the trial court erred by revoking Appellant's probation based upon Appellant's violations of the conditions of his probation." **Id.** Appellant has filed a

*(Footnote Continued)* ―――――――――

or demonstration of deviant sexual behavior, and had failed to use therapy to prevent sexually abusive behavior or risk factors related to the cycle of abuse. …

Finally, the Board alleged that Appellant admitted staying over at his girlfriend's house multiple times in the month of January 2017 despite knowing it was an unapproved residence. …

**Shires II**, **supra** (unpublished memorandum at 2).

[2] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

4

merits brief, and the Commonwealth declined to file a brief.[3] The issue is now ripe for our determination.

We begin by reiterating the applicable law. "[I]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). Further, "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014).

Our Supreme Court has distinguished between "conditions of probation," which are imposed by a trial court, and "conditions of supervision," which are imposed by the Board and its agents. *Id.* at 1291-92. The Sentencing Code permits trial courts to set forth "reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life." 42 Pa.C.S. § 9754(b).

---

[3] We note the Commonwealth's failure to file a brief with disapproval. It sought revocation of Appellant's probation, and yet it does not even make an attempt to defend the trial court's decision.

Subsection (c) delineates fourteen conditions a sentencing court may impose upon a defendant in the imposition of probation. Among these, courts may direct defendants on probation to attend treatment and addiction programs, pay fines and restitution, and refrain from frequenting "unlawful or disreputable places." *Id.* § 9754(c)(12), (8), (11), and (6), respectively. Further, subsection (c)(13) provides a "catch-all" for trial courts, allowing them to order defendants "[t]o satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." *Id.* § 9754(c)(13).

*Commonwealth v. Elliott*, 50 A.3d 1284, 1288 (Pa. 2012).

The Board's authority to set forth conditions of supervision, on the other hand, is derived from sections 6131 and 6151 of the Prisons and Parole Code, which mandate that the Board and its agents establish uniform standards for the supervision of probationers under its authority and implement those standards and conditions. *Id.* (citing 61 Pa.C.S. §§ 6131(a)(5)(ii) & 6151).

After examining the interplay between the Crimes Codes and Prisons and Parole Code, our Supreme Court concluded that while only the trial court could set conditions of probation, "the Board and its agents may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court." *Id.* at 1292. Stated another way, the "trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision, so long as these supervision conditions are in furtherance of the trial court's conditions of probation." *Id.* Therefore, "a

6

probationer may be detained, arrested, and 'violated' for failing to comply with either a condition of probation or a condition of supervision," as long as the condition of supervision does not exceed the Board's authority to impose it. *Id.*

In the instant case, Appellant argues that while he knew the special conditions were applicable to his expired parole sentence, he was unaware that they also applied to his probation sentence. Appellant's Brief at 14-18. He further argues that because the trial court did not order the imposition of the conditions, and the conditions were not germane to, and did not elaborate on or interpret, any conditions of probation imposed by the trial court, his sentence should be vacated. *Id.*

There are only two court orders relating to conditions of Appellant's probation. The first is the original October 29, 2002 sentencing order, which sets forth one condition requiring Appellant to pay costs, fines, and restitution. Order, 10/29/2002, at 1-2. The second is the December 2016 order imposing "the conditions governing probation and parole, the standard special conditions for sex offenders, and any supplemental standard special conditions of supervision." Order, 12/28/2016, at 1.

Appellant argues, however, that the December 2016 order cannot be considered because there is no evidence of record demonstrating that he received that order. Appellant's Brief at 16-18. We agree; at the time the order was issued and served generically upon the public defender's office,

7

Appellant's case had been dormant for over a decade and the public defender's office had not represented Appellant since his original sentencing in 2002. The public defender's office did not have any record of how or why the order was generated or that it had received it. *See Shires II, supra* (unreported memorandum at 3 n.8) (citing N.T., 4/19/2017, at 2-11). Nor does the certified record indicate how the order came about. *See id.* Moreover, the trial court explicitly disregarded the December 2016 order when it revoked Appellant's probation because there was no indication that Appellant had been served with the order. Trial Court Opinion, 9/25/2017, at 2 n.1 and N.T., 4/19/2017, at 11. Accordingly, the only pertinent condition of probation is the one imposed in 2002 as part of his original sentence related to paying costs, fines, and restitution. Thus, we must examine the conditions of supervision imposed by the Board to see if they are germane to, elaborate on, or interpret his only court-imposed condition.

According to the Notice of Charges and Hearing Special Probation/Parole issued by the Board, Appellant's probation violations were premised upon three conditions of supervision of the Board. *See* Notice of Charges and Hearing Special Probation/Parole, 2/13/2017 (filed 10/23/2019). The first is condition number one in the Optional Special Conditions for Sex Offenders, which states:

> You must not have any contact with anyone under the age of 18
> years old without the prior written approval of probation/parole
> supervision staff and if applicable, in agreement with your

treatment provider.  You must immediately report any of these contacts to your parole agent.  Contact is defined as follows: (1) actual physical touching; (2) writing letter, sending messages, buying presents, sending email, sending instant messages, sending text messages, calling on a telephone/cell phone/blackberry; (3) [] verbal communication, such as talking, as well as nonverbal communication, such as body language (waving, gesturing, winking), sign language and facial expressions; (4) direct or indirect contact through a third party. …

Optional Special Conditions for Sex Offenders, 5/20/2016 (filed 10/23/2019), at 1.

The second is condition number one of the Standard Special Conditions for Sex Offenders:

You must obtain a sex offender evaluation from a sex offender treatment provider who is approved by probation/parole supervision staff.  You must comply with and successfully complete all treatment recommendations including polygraph examinations, resulting from this evaluation.  You must pay the cost of the evaluation, polygraph(s) and treatment.  You must also provide written authorization for release of confidential information between your sex offender treatment provider and the [Board]. …

Standard Special Conditions for Sex Offenders, 5/31/2016 (filed 10/23/2019), at 1.

The third is condition number 11 of the Standard Special Conditions for Sex Offenders: "You must reside at your approved residence.  You must not sleep or stay overnight at any other address or location without the prior

9

written approval of probation/parole supervision staff. …" Standard Special

Conditions for Sex Offenders, 5/31/2016 (filed 10/23/2019), at 2.[4]

On their face, these three supervision conditions, which require

Appellant to obtain treatment and restrict his residence and his contact with

minors, plainly are not germane to the sole court-imposed condition of

probation, which merely required Appellant to pay costs, fines, and

restitution. Nor could one say they elaborate on or interpret this condition of

probation. Accordingly, the Board exceeded its authority in imposing these

conditions, and the trial court erred in revoking Appellant's probation based

upon his violations of these conditions. **See Elliott**, 50 A.3d at 1292 n.4

(explaining that condition of supervision to avoid minors under 18 at issue in

_____

[4] Before each of the three conditions, the notice also references "Condition #8: You shall comply with the following special conditions imposed by the court," but did not specify where "Condition #8" appears. Notice of Charges and Hearing Special Probation/Parole, 2/13/2017 (filed 10/23/2019) (unnecessary capitalization removed). Appellant did sign a form entitled "Conditions Governing Special Probation/Parole" in 2010 that references a Condition #8, but that condition simply states that he "shall comply with the following special conditions imposed by the [c]ourt: Register in compliance with Megan's Law." Conditions Governing Special Probation/Parole, 2/9/2010 (filed 10/23/2019), at 1. Appellant was ordered to register pursuant to Megan's Law in 2002. Order, 10/29/2002, at 1. However, our Supreme Court has rejected the notion that the Board has independent authority "to impose any condition of supervision it wishes upon a probationer subject to the sex offender provisions merely because of his status as a sex offender," at least when it comes to 42 Pa.C.S. § 9798.3 (section of now-repealed Megan's Law permitting the Board to use global positioning technology to track a sex offender's location). **Elliott**, 50 A.3d at 1291-92.

***Commonwealth v. MacGregor***, 912 A.2d 315, 316 (Pa. Super. 2006) was not in furtherance of the sole condition of probation, which was paying a $25 probation administration fee); ***c.f. Elliott***, 50 A.3d at 1292 (holding that the Board permissibly expounded upon court-ordered no-contact-with-minors probation condition by imposing a condition of supervision prohibiting Elliott from entering or loitering within 1,000 feet of areas with a primary activity involving people under the age of 18).  We acknowledge that Appellant has admitted to engaging in the conduct at issue, but since no legal authority exists for revocation of his probation, we are constrained to vacate his judgment of sentence and reverse the order revoking his probation.

Judgment of sentence entered on July 6, 2017, vacated and July 6, 2017 order reversed.  October 29, 2002 judgment of sentence reinstated.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/28/2020

11