J-S28024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM PENNINGTON | : | |
| | : | |
| Appellant | : | No. 1740 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 22, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006653-2012

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    Filed: November 18, 2021

Appellant, William Pennington, appeals from the Judgment of Sentence entered on January 22, 2016, following the revocation of his probation. Appellant challenges the legality of his violation of probation ("VOP") sentence.  After careful review, we conclude that the sentencing order underlying Appellant's VOP contains patent errors which preclude us from reviewing Appellant's claim.  We, thus, vacate Appellant's VOP sentence and remand for further proceedings in accordance with this memorandum.

The relevant facts and procedural history are as follows.  On November 15, 2012, Appellant entered a negotiated guilty plea to one count each of Fleeing or Attempting to Elude Officer ("Fleeing"), a third-degree felony, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

Criminal Mischief, a third-degree misdemeanor.[1]  At Appellant's guilty plea hearing, the Commonwealth informed the court that it had negotiated a sentence of "6 to 12 months' incarceration followed by two years of reporting probation as well as restitution in the amount of $1[,]510."  N.T. Guilty Plea, 11/15/12, at 11.  In addition, Appellant sought credit for time served.  The trial court deferred sentencing until December 5, 2012, to verify the amount of credit for time served due to Appellant.

On December 5, 2012, the parties appeared for sentencing.  Appellant's counsel reiterated that she had negotiated with the Commonwealth a sentence of "6 to 12 months followed by two years reporting probation" and the court accepted the negotiated sentence.  N.T. Sentencing, 12/5/12, at 3-4, 10.  The parties did not discuss how, or if, the sentence would be apportioned between Appellant's two crimes.

That same day, however, the sentencing court filed a written sentencing order which states, in relevant part:

**Count 99,999** 18 § 3304 §§A4 – Criminal Mischief – (M3)

To be placed on Probation for a Maximum Term of 2 years to be supervised by _____.

This sentence shall commence on December 05, 2012.

This sentence is to be served consecutive to: CP-51-CR-0006653-2012 Ct # 1 Confinement

---

[1] 75 Pa.C.S. § 3733(a) and 18 Pa.C.S. § 3304(a)(4), respectively.  In exchange for his guilty plea, the Commonwealth *nolle prossed* one count of Recklessly Endangering Another Person, 18 Pa.C.S. § 2705.

**Count 1** – 75 § 3733 §§A – Fleeing or Attempting to Elude Officer – (F3)

To be confined for a Minimum Term of 6 months and a Maximum Term of 12 months at Philadelphia County Prison.

The following conditions are imposed:

Other – Defendant to serve not less than 06 Months or more than 23 Months Incarceration in Philadelphia County Prison. A Consecutive Period of 02 Years Reporting Probation is imposed.

Restitution is ordered in the amount of $1,510.00. . . .

Sentencing Order, 12/5/12.

Appellant did not file a direct appeal from his 2012 Judgment of Sentence.

Appellant served his sentence of incarceration and began serving his probation sentence on May 18, 2013. Appellant's two-year sentence was scheduled to expire on May 17, 2015.

On May 14, 2015, three days before Appellant's probation sentence was scheduled to expire, the Philadelphia Adult Probation and Parole Department issued a bench warrant due to Appellant's absconding. Separately, on May 22, 2015, police arrested Appellant and the Commonwealth charged him at a separate docket with Theft, Receiving Stolen Property, Simple Assault, Recklessly Endangering Another Person, and Robbery.[2] On November 16, 2015, Appellant pleaded guilty to Robbery, Theft, and Simple assault. On

_____

[2] Appellant committed these crimes on May 17, 2015.

January 20, 2016, the trial court sentenced Appellant to two to six years' incarceration for those convictions.

On January 22, 2016, the lower court determined that as a result of the new convictions, Appellant was in direct violation of the probationary sentence imposed in 2012.[3] The court then revoked Appellant's probation and imposed VOP sentence of 2 to 4 years' incarceration for his 2012 Fleeing conviction to be served consecutive to his 2- to 6-year sentence imposed for his 2015 convictions. The court did not impose any revocation sentence for Appellant's Criminal Mischief conviction. Appellant did not file a timely appeal from his VOP Judgment of Sentence.

On July 6, 2016, Appellant *pro se* filed a Petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, in which he asserted that his VOP counsel had been ineffective for failing to file an appeal from Appellant's January 22, 2016 VOP sentence, which Appellant averred was illegal.[4]

The PCRA court appointed counsel. On August 6, 2019, Appellant filed an Amended Petition claiming that his VOP sentence was illegal because his underlying 2012 sentence was illegal. In particular, Appellant asserted that the trial court illegally sentenced him in 2012 to serve a sentence of 2 years'

---

[3] The court also determined that Appellant's absconding caused him to be in technical violation of his probation.

[4] Appellant claimed, referencing his Criminal Mischief conviction, that his "maximum sentence did exceed the maximum penalty fixed by statute Title 18-3304." PCRA Petition, 7/6/16, at 4.

- 4 -

probation for his third-degree misdemeanor Criminal Mischief conviction when the maximum penalty for a third-degree misdemeanor is 1 year. Thus, Appellant asserted that his underlying probation sentence expired on May 17, 2014, and not May 17, 2015, and that he was no longer serving a sentence of probation when the Probation and Parole Department issued a bench warrant for his arrest on May 14, 2015. Therefore, he concluded that the VOP court was without jurisdiction to find him in technical and direct violation of his probation; thus, the January 22, 2016 VOP sentence imposed as a result of the erroneous finding was illegal.

The Commonwealth filed a Response to Appellant's Amended Petition asserting that the trial court properly sentenced Appellant in 2012 to 6 to 12 months' incarceration followed by a 2-year probation term for his third-degree felony Fleeing conviction. Thus, the Commonwealth argued that Appellant was serving a legal probation sentence when he committed his direct and technical violations in May 2015.

On August 14, 2020, the PCRA court reinstated Appellant's right to file a direct appeal from his VOP sentence, and this appeal followed.[5] Both Appellant and the VOP court have complied with Pa.R.A.P. 1925.

_____

[5] In his Notice of Appeal, Appellant erroneously listed January 22, 2012, as the date of the Judgment of Sentence he sought to appeal. In response to a Rule to Show Cause issued by this Court, Appellant's counsel explained that this was a "scrivener's error," and, in fact, Appellant sought to appeal from his January 22, 2016 Judgment of Sentence. RTSC Response, 4/29/21, at ¶¶ 2-3. We accept counsel's explanation, decline to dismiss this appeal, and have revised the case caption to reflect the correct date of the order on appeal.

Appellant raises the following issues on appeal:

[1.] Whether the trial court erred in imposing an illegal sentence?

[2.] Whether the PCRA court in it[]s Opinion was correct in granting relief on the PCRA Petition alleging trial counsel was ineffective?

Appellant's Brief at 3 (unpaginated) (some capitalization omitted).

In his first issue, Appellant challenges the legality of his 2 to 4-year VOP sentence.  Appellant's Brief at 3-4 (unpaginated.)  In particular, Appellant asserts that he was not serving a legal sentence of probation in May 2015 and, thus, could not have committed the technical and direct probation violations which gave rise to the VOP sentence.  *Id.*

This Court reviews a sentence imposed following a revocation of probation for an error of law or an abuse of discretion.  ***Commonwealth v. Shires***, 240 A.3d 974, 977 (Pa. Super. 2020).  In an appeal from a sentence imposed after a trial court's revocation of probation, this Court can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed.  ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa. Super. 2015).

In its Rule 1925(a) Opinion, the trial court agreed with Appellant that his VOP sentence was illegal.  The court opined:

> [T]his court examined the complete record dating back to the [2012] "negotiated plea."  Apparently, an illegal sentence was negotiated.  The maximum probationary period for a [m]isdemeanor of the third[-]degree is one year.  The term of probation cannot be greater than the maximum penalty for the

offense. An illegal probation can be corrected at any time. Therefore, Appellant's period of probation should have terminated on May 17, 2014, not 2015. Warrant [c]ards and the new arrest occurred in May of 2015, when his probation should have been expired.

Opinion, 4/7/21, at 2 (unpaginated) (citations omitted). Based on these findings, the trial court concluded that Appellant's 2015 "violation should never have been submitted for a hearing" and "this [c]ourt lacked [j]urisdiction to find [Appellant] in violation for acts that occurred in 2015." *Id.* at 2-3. The trial court requested that this Court remand for the trial court to vacate Appellant's January 22, 2016 VOP Judgment of Sentence.

Our review of the December 12, 2012 sentencing order reveals numerous inconsistencies in its terms, including in the length of Appellant's sentence of incarceration and, most relevantly to this appeal, the imposition of 2-year sentences of probation at both Appellant's Fleeing and Criminal Mischief convictions, both ordered to run consecutive to Appellant's sentence of incarceration. These inconsistencies, which are patent mistakes, hamper our ability to review Appellant's claim that his VOP sentence is illegal because the VOP court was without jurisdiction to enter the sentence currently on appeal. We, therefore, vacate Appellant's January 22, 2016 VOP sentence, remand for the court to correct the patent mistakes in the December 12, 2012 sentencing order, and to conduct further proceedings. *See Commonwealth v. Walters*, 814 A.2d 253, 255-56 (Pa. Super. 2002) (the trial court has jurisdiction to modify an otherwise final judgment of sentence where the sentencing order contains a patent or obvious mistake); *Commonwealth v.*

*Holmes*, 933 A.2d 57, 65 (Pa. 2007) ("the limits of jurisdiction enshrined in [42 Pa.C.S. §] 5505 do not impinge on that time-honored inherent power of courts" to correct patent errors).

In his second issue, Appellant claims his trial counsel was ineffective because he failed to file an appeal. Appellant's Brief at 5-6. Appellant notes that he raised this issue in a timely PCRA Petition and that that "the [l]ower [c]ourt correctly granted PCRA relief." *Id.* at 5. Appellant asserts that he is "entitled to a determination as to whether counsel was ineffective." *Id.*

Given that, as Appellant aptly notes, the PCRA court reinstated his direct appeal rights after finding that Appellant's counsel **was** ineffective when he failed to file a direct appeal from Appellant's VOP sentence, it is not clear to this Court what further relief Appellant seeks.[6] Appellant is, therefore, not entitled to relief on this claim.

Judgment of Sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Pellegrini joins the memorandum.

Judge Bowes files a Concurring and Dissenting Statement.

---

[6] Moreover, even if some determination of counsel's ineffectiveness were warranted, we would decline to consider the issue as, generally, "claims of ineffective assistance of counsel are to be deferred to PCRA review[.]" *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/21