J-A19004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                  :           PENNSYLVANIA
                                                  :

               v.                                  :
                                                  :

NORMAN STEWART HOY, III           :
                                                  :
                Appellant            :   No. 1109 MDA 2021

Appeal from the Judgment of Sentence Entered August 16, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001181-2019

BEFORE:   BOWES, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED:  DECEMBER 5, 2022**

Norman Stewart Hoy, III appeals his August 16, 2021 judgment of sentence of five years of probation, which was imposed after his former probationary sentence was revoked.  We affirm.

We glean the following facts and procedural history from the certified record.  On October 21, 2019, Appellant pleaded guilty to driving under the influence ("DUI") at the highest rate of blood alcohol concentration ("BAC"), which was his second DUI offense.  Ultimately, the court imposed a sentence of five years of probation, along with financial sanctions and a short period of house arrest.  On May 25, 2021, the York County Adult Probation and Parole Department ("the Department") sought and garnered a detainer due to Appellant allegedly violating the conditions of his probation by, *inter alia*,

_____

[*] Former Justice specially assigned to the Superior Court.

possessing and ingesting cocaine. Thereafter, the Department filed a petition to revoke Appellant's probation on the same grounds. A violation of probation ("VOP") hearing was conducted on August 16, 2021, after which the VOP court revoked Appellant's sentence and imposed a new, five-year term of probation. The next day, Appellant filed a timely notice of appeal to this Court. Both Appellant and the VOP court complied with the mandates of Pa.R.A.P. 1925.

Appellant has raised the following issues in this Court:

1. Whether the [VOP] court erred in violating [Appellant's] probation . . . where the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of probation and parole were and [Appellant] had not been convicted of a new offense.

2. Whether the [VOP] court abused its discretion in violating [Appellant's] probation . . . where the Commonwealth failed to produce sufficient evidence establishing what the actual terms and conditions of [Appellant's] probation and parole were and [Appellant] had not been convicted of a new offense.

3. Whether the revocation sentence imposed is illegal and imposed without authority because of the Commonwealth's failure to prove that [Appellant] violated any actual term or conditions of his probation . . . and [Appellant] was not given credit for any time served.[1]

---

[1] For the first time in his brief to this Court, Appellant asserts that the VOP court did not award him credit for the time he served incarcerated on detainer. *See* Appellant's brief at 6. As a general proposition, Appellant is entitled to credit for the time he spent incarcerated in this manner. *See Commonwealth v. Williams*, 662 A.2d 658, 659 (Pa.Super. 1995) (concluding that a defendant was entitled to credit for all time served on a "probation violation detainer") (citing 42 Pa.C.S. § 9760 ("Credit for time served")). Furthermore, this issue implicates the legality of Appellant's

*(Footnote Continued Next Page)*

Appellant's brief at 2. Although stated separately, the gravamen of Appellant's argument is a single issue that we will address collectively, namely that the VOP court violated **Commonwealth v. Koger**, 255 A.3d 1285 (Pa.Super. 2021). Therein, this Court held that a probationer cannot be found in violation of probation conditions that are not properly communicated by the VOP court. **See id**. at 1286 ("[B]ecause the court did not advise Appellant of the conditions of his probation and parole at the time of the initial sentencing, the court could not have found he violated these conditions."). Appellant's argument on this point is straightforward:

> [T]he VOP court erred by finding there was sufficient evidence for violation because the sentencing court failed to advise him of the conditions of his probation . . . . Therefore, because the sentencing court did not specifically communicate the conditions, the VOP court could not have found he violated one of the specific conditions of probation not included in the initial sentencing order. Accordingly, this Honorable Court should reverse the revocation of probation and parole and vacate the sentence imposed[.]

Appellant's brief at 4 (cleaned up). We disagree.

In reviewing Appellant's claims of error, we will bear the following well-established legal principles in mind:

---

sentence and, therefore, it is not subject to waiver. **See Commonwealth v. Davis**, 852 A.2d 392, 399 (Pa.Super. 2004) ("An attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and cannot be waived."). Our review discloses that the VOP court's sentencing order provided that Appellant would "receive credit as required by law for all time spent in custody." Order, 8/16/21. Moreover, Appellant has not advanced any claim of a miscalculation. Absent any indication Appellant has not received proper credit pursuant to § 9760, no relief is due.

- 3 -

In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the probation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. Further, revocation of a probation sentence is a matter committed to the sound discretion of the [VOP] court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Shires*, 240 A.3d 974, 977 (Pa.Super. 2020) (cleaned up). Probation revocation is governed by 42 Pa.C.S. § 9771(b), which provides that the VOP court may "revoke an order of probation upon proof of the violation of specified conditions of the probation." A sentencing court is empowered to impose "reasonable" conditions of probation that it "deems necessary to ensure or assist the defendant in leading a law-abiding life." 42 Pa.C.S § 9754(b); *see also* 42 Pa.C.S. § 9763 ("Conditions of probation"). In addition to any specific conditions imposed by the sentencing court, Pennsylvania law also imposes "a general condition of probation—that the defendant lead 'a law-abiding life,' *i.e.*, that the defendant refrain from committing another time." *Commonwealth v. Foster*, 214 A.3d 1240, 1250 (Pa. 2019) (citing 42 Pa.C.S. § 9754(b)).

Violation of either this "general" requirement of lawfulness, or a specific probation condition properly imposed, may justify revocation. *Id*. at 1251 ("Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity."). Thus, "[i]n order to revoke a defendant's probation, the [VOP]

court "must find, based on the preponderance of the evidence, that the probationer violated a specific condition of probation **or committed a new crime**[.]" ***Commonwealth v. Parson***, 259 A.3d 1012, 1019 (Pa.Super. 2021) (emphasis added). With respect to the appropriate quantum of proof, we note that "preponderance of the evidence is a more likely than not inquiry, supported by the greater weight of evidence; something a reasonable person would accept as sufficient to support a decision." ***Id***. (cleaned up). This Court has discussed the implications of this lowered burden of proof, as follows:

> [A] VOP hearing is not a trial and, as such, does not deal with questions of "guilt" or "innocence" as those terms are understood commonly in the criminal law. Indeed, the degree of proof necessary to achieve revocation of an offender's probation is far less than that required to sustain a criminal conviction, and evidence not normally admissible at trial, or even necessarily criminal in nature, may be presented by the Commonwealth to meet this burden.

***Commonwealth v. A.R.***, 990 A.2d 1, 6 (Pa.Super. 2010).

Appellant's argument implicates the probation conditions allegedly imposed by the VOP court, which the court described at Appellant's plea and sentencing hearing, as follows:

> THE COURT: All right. I'll accept the plea. In 1181 of 2019, [Appellant] is guilty of [DUI]. It's a five-year IP sentence. There's 90 days house arrest, with 90 days of alcohol monitoring. He has 33 days credit. It's a $1,500 fine. **Standard DUI conditions will apply.** Court costs are assessed.

N.T. Guilty Plea and Sentencing, 10/21/19, at 5. On the sentencing order filed by the VOP court, it stated only that Appellant would be subject to "DUI conditions." Order, 10/21/19, at 1. The specific aspects of these intended

- 5 -

restrictions were not set forth with particularity either at the hearing or in any other filing from the VOP court. Due to the court's failure to enumerate the specific conditions imposed, Appellant argues that he cannot be found in violation of his probation pursuant to *Koger*.

We note, however, that the Department's justifications for revoking Appellant's probation included credible allegations that he possessed and consumed cocaine. *See* Petition to Revoke, 7/15/21, at 2 (unpaginated). Specifically, on May 19, 2021, a drug test administered by the Department revealed Appellant had been abusing cocaine. *Id*. In response to this positive result, Appellant admitted to the Department that he had possessed and used cocaine on May 18, 2021. *Id*. We emphasize these facts are not in dispute.

While Appellant is correct in observing the VOP court did not impose any specific conditions of probation that could justify revocation pursuant to *Koger*, the mere lack of such specific conditions does not exempt Appellant from the general requirement applicable to all Pennsylvania probation terms, *i.e.*, refraining from committing new crimes. *See Commonwealth v. Cook*, 1171 EDA 2021, 2022 WL 2389191 (Pa.Super. July 1, 2022) (non-precedential decision at 6) (observing *Koger* does not apply where defendant is alleged to have committed new criminal offenses). Here, Appellant's actions constituted a crime under Pennsylvania law, to wit, simple possession of cocaine. *See* 35 P.S. § 780-104(2)(i)(4) (establishing that any "preparation of coca leaves" is a Schedule II controlled substance); 35 P.S. § 780-113(a)(16) (prohibiting

the simple possession of a controlled substance). Given the low burden of proof, these events constituted a sufficient basis to revoke Appellant's probation.[2] **See Cook**, **supra** at 6.

Based on the foregoing, we find that the VOP court was well within its authority to revoke Appellant's probation as a result of this new criminal conduct. Therefore, we discern no abuse of discretion or error of law in the VOP court's revocation of Appellant's probation. No relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/05/2022

---

[2] Our rationale differs from that of the VOP court, which suggests it was appropriate to leave the delineation of the specific conditions of Appellant's probation up to the Department. **See** VOP Court Opinion, 10/20/21, at 11 (asserting that Appellant's probation violation stemmed from "conditions imposed by the [Department]"). However, this Court has concluded that a sentencing court may **not** abdicate this responsibility. **See Koger**, **supra** at 1291 (holding that a sentencing court "may not delegate its statutorily proscribed duties to probation and parole offices and is required to communicate any conditions of probation or parole as a prerequisite to violating any such condition"). Thus, we cannot countenance the VOP court's reasoning. Nonetheless, we may affirm on any valid basis appearing of record. **See Commonwealth v. Radecki**, 180 A.3d 441, 451 (Pa.Super. 2018).