J-S31041-24

2024 PA Super 268

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DISHAWN STEWART :
:
Appellant : No. 2853 EDA 2023

Appeal from the Judgment of Sentence Entered July 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009201-2019

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

OPINION BY BECK, J.: **FILED NOVEMBER 13, 2024**

Dishawn Stewart ("Stewart") appeals from the judgment of sentence entered by the Philadelphia County Court of Common Pleas ("trial court") following the revocation of his probation. On appeal, Stewart challenges the trial court's determination that he violated his probation by failing to complete domestic violence therapy based on his assertion that such therapy was not a condition of his probation. Because we conclude that domestic violence therapy was a valid condition of his probation, we affirm.

This case stems from an incident during which Stewart threatened his sister-in-law with a gun in front of her children. On August 31, 2019, police arrested and charged Stewart with firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, possessing instruments of crime, simple assault, and recklessly endangering another person. On November 22, 2021, Stewart entered a negotiated guilty plea to the charges

of carrying firearms on public streets in Philadelphia and simple assault, and the remaining charges were nolle prossed. The trial court sentenced Stewart to two years of probation. The court placed the following conditions on Stewart's probation:

> Mandatory Court Costs – Court Costs: Defendant is to pay imposed mandatory court costs.
>
> Supervision – Supervision Under Domestic Violence Unit: To be supervised under the Domestic Violence Unit.
>
> Stay Away Order: To stay away from victim(s). To Remain in Effect for Duration of Sentence.

Negotiated Guilty Plea Order, 11/23/2021.

The same day the trial court imposed the sentence, Stewart completed his initial intake with the Domestic Violence Unit. As part of his supervision, the Domestic Violence Unit required Stewart to complete domestic violence therapy. During intake, Stewart signed the rules for the Domestic Violence Unit, which state, in pertinent part:

> I must complete Domestic Violence Therapy by a licensed psychiatrist, or psychologist trained to give Domestic Violence specific counseling by a facility already approved by the Department and [d]ischarge from treatment for any reason other than successful discharge will result in a Violation Hearing and/or possibly being detained.

*Gagnon*[1] *II* Summary, 6/15/23, at 2 (unpaginated). The Domestic Violence Unit also provided Stewart with a copy of these rules, per his request. *Id.*

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

- 2 -

Upon activation of his medical insurance on March 1, 2022, the Domestic Violence Unit referred Stewart to the batterer's intervention program at Joseph J. Peters Institute ("JJPI"), where he agreed to attend treatment via Zoom. Throughout 2022 and into 2023, Stewart failed to consistently attend treatment, missing numerous sessions during a fifteen-month period. In May 2023, Stewart missed all sessions except one, and during the session he did attend, his therapist had to remove him from the Zoom call because of his abusive and inappropriate behavior. At the end of May 2023, JJPI discharged Stewart from the program because of his failure to regularly attend treatment.

In June 2023, Stewart's probation officer requested a violation of probation ("VOP") hearing because he failed to abide by the requirements of supervision by the Domestic Violence Unit, i.e., his inability to complete domestic violence therapy. The trial court held VOP hearings on June 20, 2023 and July 6, 2023. At the conclusion of the July 6, 2023 hearing, the trial court found Stewart in technical violation of his probation for failing to complete domestic violence therapy. The same day, the trial court revoked Stewart's probation and resentenced him to eleven-and-a-half to twenty-three months in prison, followed by two years of probation.

On September 21, 2023, Stewart filed a petition pursuant to the Post Conviction Relief Act ("PCRA")[2] in which he requested reinstatement of his

---

[2] 42 Pa.C.S. §§ 9541-9546.

direct appeal rights nunc pro tunc because his appointed counsel failed to file the direct appeal he had requested. On October 30, 2023, the trial court granted the petition and reinstated Stewart's direct appeal rights. This timely appeal followed. Both Stewart and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. Stewart presents a single claim for our review: "Did the [trial] court illegally find [Stewart] in violation of his probation for failing to attend domestic violence therapy where this therapy was not a condition of his probation?" Stewart's Brief at 2.

When reviewing a trial court's decision to revoke probation, we employ the following standard:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that the defendant violated his probation.

**Commonwealth v. Baumann**, 307 A.3d 1231, 1236 (Pa. Super. 2023) (citation omitted).

Stewart argues that the trial court abused its discretion in revoking his probation for failing to consistently attend domestic violence therapy. Stewart's Brief at 8-15. According to Stewart, because his original sentencing

- 4 -

order did not explicitly list domestic violence therapy as a condition of his probation, the trial court could not revoke his probation on the basis that he failed to attend therapy sessions. *Id.* at 8-9. Stewart further asserts that the Domestic Violence Unit did not have the authority to impose domestic violence therapy as a condition of probation, and that such authority solely rested with the sentencing court. *Id.* at 10-13.

A trial court may revoke a defendant's probation if it finds, based on a preponderance of the evidence, the defendant either: 1) violated a specific condition of probation or 2) committed a new crime. 42 Pa.C.S. § 9771; ***Commonwealth v. Foster***, 214 A.3d 1240, 1243 (Pa. 2019). These are the only grounds on which a court can find a defendant in violation of probation. ***Foster***, 214 A.3d at 1243.

Our Supreme Court has explained that the authority to impose the terms and conditions of probation lies with the sentencing court. ***Commonwealth v. Elliott***, 50 A.3d 1284, 1291 (Pa. 2012). Under section 9754 of the Sentencing Code, which governs orders of probation, the court "shall specify at the time of sentencing the length of any term during which the defendant is to be supervised," "the authority that shall conduct the supervision[,]" and "shall attach reasonable conditions authorized by section 9763 (relating to conditions of probation)." 42 Pa.C.S. § 9754(a)-(b). Section 9763(b) requires the sentencing court to impose conditions of probation "based on individualized circumstances" and states that "the court shall attach only those

conditions that the court deems necessary and the least restrictive means available to promote the defendant's rehabilitation and protection of the public[.]" *Id.* § 9763(b). Section 9763(b) also sets forth several permissible conditions of probation, including ordering the defendant "[t]o undergo individual or family counseling" and "[t]o do other things reasonably related to rehabilitation." *Id.* § 9763(b)(4), (15).

Our Supreme Court has further explained that the Pennsylvania Board of Probation and Parole ("the Board") "and its agents cannot impose any condition of supervision it wishes, carte blanche." *Elliott*, 50 A.3d at 1291. The Court, however, has "recognized that probation officers may, consistent with their own statutory authority, impose specific conditions of supervision pertaining to a defendant's probation." *Commonwealth v. Koger*, 295 A.3d 699, 707 (Pa. 2023). Specifically, the Board and its agents "may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court." *Elliott*, 50 A.3d at 1292. The Court reasoned that this interpretation gives meaning to the relevant statutory provisions and thus:

> (1) maintains the sentencing authority solely with a trial court; (2) permits the Board and its agents to evaluate probationers on a one-on-one basis to effectuate supervision; (3) sustains the ability of the Board to impose conditions of supervision; and (4) authorizes that a probationer may be detained, arrested, and "violated" for failing to comply with either a condition of probation or a condition of supervision. In summary, a trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those

supervision conditions are in furtherance of the trial court's conditions of probation.

*Id.* (footnote omitted).

In rejecting Stewart's claim, the trial court concluded:

[T]he probation department acted within the authority of the [c]ourt order when it imposed domestic violence treatment conditions on [Stewart]'s probation. [Stewart]'s conviction arose from a violent family incident. Because the order directed supervision under the Domestic Violence Unit of probation, the probation department's requirement for [Stewart] to complete the specific condition of the [b]atterer's [i]ntervention [p]rogram was in furtherance of the court order. [Stewart] was in technical violation when he failed to participate in this valid condition of his probation.

Trial Court Opinion, 2/20/2024, at 7 (record citations omitted).

We agree. The certified record reflects that Stewart pled guilty to a crime stemming from an incident involving domestic violence and consequently, the trial court's sentencing order stated that Stewart's probation was "to be supervised under the Domestic Violence Unit." Negotiated Guilty Plea Order, 11/23/2021. The same day Stewart received his sentence of probation, he completed his intake with the Domestic Violence Unit during which he signed the rules for the unit, which stated, "I must complete Domestic Violence Therapy" and that "[d]ischarge from treatment for any reason other than successful discharge will result in a Violation Hearing and/or possibly being detained." *Gagnon II* Summary, 6/15/23, at 2 (unpaginated). Given that Stewart committed a crime involving domestic violence and that the sentencing order expressly informed Stewart that his

probation would be supervised by the Domestic Violence Unit, the imposition of the requirement that Stewart complete domestic violence therapy was germane to and elaborated upon the sentencing court's decision to assign his supervision to the Domestic Violence Unit. **See Elliott**, 50 A.3d at 1292; **see also Baumann**, 307 A.3d at 1234-35, 1237 (stating, in a case where the appellant was convicted of a sex offense and, as part of his probation, was to "submit to supervision by the Sexual Offender's Unit[,]" the requirement that the appellant participate in a sex offender therapeutic treatment program was a valid condition of supervision under the Sexual Offender's Unit).[3]

In support on his claim, Stewart cites **Commonwealth v. Shires**, 240 A.3d 974 (Pa. Super. 2020). Stewart's Brief at 12–13. In **Shires**, the sentencing court issued two orders regarding the appellant's conditions of probation: an earlier order that only required the appellant to pay costs, fines, and restitution, and a later order that included "standard special conditions for sex offenders." **Shires**, 240 A.3d at 978. The appellant, however, was never served with the second probation order. **Id.** at 978. The trial court revoked his probation for failing to comply with several of the special conditions for sex offenders, but on appeal, this Court determined that because the appellant was never served with the second order, "the only

---

[3] We note that in **Baumann**, this Court ultimately concluded that the trial court improperly revoked the appellant's probation based upon circumstances unrelated to and not present in the instant matter. **Baumann**, 307 A.3d at 1237.

pertinent condition of probation" was the earlier order "related to paying costs, fines, and restitution." *Id.* at 976-78. We therefore concluded that the "special conditions for sex offenders," which required the appellant "to obtain treatment and restrict his residence and his contact with minors, plainly [were] not germane to the sole court-imposed condition of probation, which merely required [him] to pay costs, fines, and restitution." *Id.* at 979.

*Shires* is readily distinguishable from the instant case. Unlike in *Shires*, the sentencing court expressly ordered Stewart's probation to be supervised by the Domestic Violence Unit, Stewart was aware of this condition, and he was immediately informed that this supervision would include domestic violence therapy. *See* Negotiated Guilty Plea Order, 11/23/2021; *see also* *Gagnon II* Summary, 6/15/23, at 2 (unpaginated). Thus, we are not persuaded by Stewart's reliance on *Shires*.

Based on the foregoing, we conclude that the requirement that Stewart complete domestic violence therapy was germane to and elaborated on the sentencing court's directive to assign his supervision to the Domestic Violence Unit. Accordingly, the trial court did not abuse its discretion in revoking Stewart's probation based on his failure to consistently attend domestic violence therapy sessions.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/13/2024