J-A08027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL BRYAN MADSEN | : | |
| | : | |
| Appellant | : | No. 1528 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 13, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0000820-2023

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                  **FILED JULY 29, 2025**

Daniel Bryan Madsen appeals from the judgment of sentence imposed after the court revoked his probation. Madsen argues the court erred or abused its discretion in concluding he violated the terms of his probation and in imposing six to 12 months' incarceration for a first, technical violation. We affirm the court's revocation of Madsen's probation. We find Madsen's challenge to the length of his sentence to be moot.

Madsen, acting *pro se*, pleaded guilty to disorderly conduct[1], graded as a third-degree misdemeanor, "after he was arrested outside the Lehigh County Courthouse swinging a large knife and spouting nonsense." Trial Court Opinion, filed 7/10/24, at 1 (internal quotation marks and footnote omitted). On January 30, 2023, a magisterial district justice in Lehigh County sentenced

_____

[1] 18 Pa.C.S.A. § 5503(a)(4).

Madsen to 12 months of probation. The order imposing sentence stated, in relevant part,

> Probation with Non-Restrictive Conditions
>
> Beginning Date: 01/30/2023 through 01/30/2024
>
> Deft is sentenced to 12 months['] probation. To be supervised by Lehigh County Adult Probation 455 W Hamilton St, Allentown, PA 18101. Must comply with rules, regulations or conditions of the probation dept. Must report to probation on the next business day.

Order Imposing Sentence, 1/30/23, at 1.

At the time Madsen pleaded guilty and was sentenced on the instant case, he was being detained on a separate case in Northampton County. He was transported from Northampton County to the district court in Lehigh County for his guilty plea and sentencing. He was then returned to Northampton County. He was released from Northampton County in February 2023.

Shortly before his probation was to expire, on January 29, 2024, a warrant was issued for Madsen's arrest for a technical violation of his probation, *i.e.*, "Condition 2 – Whereabouts Unknown." *See* Warrant, 1/30/24, at 1. The warrant was returned a few days later, when Madsen was detained during a traffic stop.

The court summarized the evidence presented at the ensuing hearing as follows.

> The testimony from [Madsen's] probation officer, Alberto Aponte, revealed that he began supervising the appellant on October 1, 2023. Another probation officer had previously been

supervising [Madsen]. Officer Aponte met with [Madsen] on October 16, 2023. He was to meet with [Madsen] again in December 2023, and provided notice of that meeting both verbally and in writing. [Madsen] did not appear for that meeting, nor did he explain his absence to Officer Aponte. Thereafter, Officer Aponte called [Madsen] multiple times without success, and on the last occasion learned that [Madsen's] phone was out of service.

[Madsen] never reported again to the Lehigh County Probation Department. He was also on supervision in Northampton County for the assault on his brother. His Northampton County Probation Officer, Abigal MacLean, testified that [Madsen] was not in compliance with supervision in that county either.

[Madsen], in his testimony at the probation violation hearing, responded that he did not remember the addresses he provided Officer Aponte, nor did he remember if Officer Aponte called him. He testified that he resided on Jackson Street, an address that had never been provided to Officer Aponte.

Trial Ct. Op. at 3 (footnotes with citations to N.T. omitted).

The court determined a preponderance of the evidence established Madsen had violated the terms of his probation. In its Rule 1925(a) opinion, the court explains it found Madsen's testimony not credible. The court also found Madsen had intentionally violated his probation:

[Madsen's] failure to report nor reside at the address known to Officer Aponte was not inadvertent, but intentional. He used different addresses for his own purposes. Even the address provided to his Northampton County probation officer was never confirmed because he did not have a key to that address, and when Officer MacLean did a residence check, she received no answer. The violation may have been technical, but [Madsen's] avoidance of supervision was willful and intentional, justifying the probation revocation.

*Id.* at 6. The court pointed out, "The only way [Madsen] was ever located was when he was stopped by the state police for Driving Without a License." *Id.* at 5.

The court revoked Madsen's probation and scheduled a sentencing hearing. It ordered a presentence investigation report ("PSI report"), which disclosed Madsen's prior record. A mental health evaluation ordered by the court diagnosed Madsen with adjustment disorder. Madsen denied having any mental health issues. *See id.* at 2, 4. At the conclusion of the sentencing hearing the court resentenced Madsen to six to 12 months' incarceration.

Madsen did not file any post-sentence motions, but filed a timely notice of appeal. He raises the following issues.

> 1. Did the Lower Court err in revoking [Madsen's] probation based upon an allegation that he had committed a technical violation by not reporting to his probation officer where:
>
>> (a) The Commonwealth failed to prove at the *Gagnon II* hearing that [Madsen], who had been sentenced by a Magisterial District Judge[,] had been informed of the requirement that he report to a Lehigh County Probation Officer; and
>>
>> (b) [Madsen] had previously and throughout his periods of probation imposed by both Lehigh and Northampton Counties been reporting to his assigned probation officer in Northampton County, and he reasonabl[y] believed that supervision had been transferred to that county?
>
> 2. Did [Madsen's] statement at the sentencing hearing that he was going to appeal the sentence and the revocation following the Lower Court's announcement of the sentence constitute an adequate Motion to Modify Sentence as required by Pa.R.Crim.P. [708(E)]?

3. Did the Lower Court abuse its discretion in sentencing [Madsen], who was serving a term of probation for the offense of Disorderly Conduct graded as a Misdemeanor of the First Degree, to undergo imprisonment for the statutory maximum sentence, six (6) to twelve (12) months, for a first technical violation?

Madsen's Br. at 2-3 (suggested answers omitted).

The trial court has submitted a letter raising whether this appeal is moot because Madsen's maximum sentence has expired. **See** Letter from Trial Court, dated 2/13/2025. The court states that Madsen was released on February 5, 2025, having served the maximum 12 months' incarceration. The Commonwealth has not argued mootness.

As a rule, this Court will not decide moot questions. "A case is moot when facts that arise after the initiation of the case leave a litigant without a stake in the outcome of the matter." **Commonwealth v. Foster**, 214 A.3d 1240, 1246 (Pa. 2019).

Madsen's first issue, challenging the propriety of his revocation of his probation, is not moot. **See id.** at 1246 (finding issue of probation revocation not moot because a future sentencing court could later consider the fact of the revocation); **see also Commonwealth v. Coniker**, 290 A.3d 725, 733 (Pa.Super. 2023) (finding completion of sentence did not render challenge to underlying convictions moot, because a person with a criminal conviction may face collateral consequences aside from sentence). Even though his sentence has expired, Madsen still has a stake in whether his criminal record should contain a judgment that he violated the terms of his probation.

We reach a different conclusion regarding Madsen's remaining issues. In Madsen's second issue, he argues he preserved his third issue (a discretionary sentencing claim) by stating orally at the sentencing hearing that he wished to appeal his sentence. In his third issue, he argues the court abused its discretion by imposing an excessive sentence and failing to consider the factors mandated by the sentencing code.

Because Madsen has completed the sentence the court imposed following its revocation of his probation, the question of whether that sentence was excessive, and the related issue of whether that question was preserved, are now moot. *See Commonwealth v. King*, 786 A.2d 993, 996 (Pa.Super. 2001) (finding merger challenge to legality of revocation sentence moot where sentence expired); *cf. Commonwealth v. Adams*, 504 A.2d 1264, 1271 (Pa.Super. 1986) (*en banc*) (finding even though one sentence expired, merger issue not moot because appellant could receive credit on his illegal sentence to apply to his legal sentence). Even if we were to agree with Madsen that he preserved his issue and his sentence was excessive, he is no longer serving any sentence on this case. There is no relief this Court could now grant on this claim.[2]

We therefore limit our review to Madsen's first issue. Madsen argues the Commonwealth failed to prove by a preponderance of the evidence that he

---

[2] The question of whether Madsen served an excessive sentence does not satisfy any exception to the mootness doctrine. *See Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa.Super. 2009) (stating exceptions to the mootness doctrine).

"willfully failed to keep in contact with his Lehigh County Probation Officer." Madsen's Br. at 13. He notes that the order of probation only required him to report to Lehigh County Adult Probation on the next business day, and then required him to "comply with [the] rules, regulations or conditions of the probation dept." *Id.* at 15-16 (quoting Order Imposing Sentence). Madsen asserts that probation officers may not impose conditions other than those the court orders at sentencing, and his sentencing order does not specify he is to continue reporting to Lehigh County. *Id.* at 16, 16 n.2. Madsen highlights that he was transported to Lehigh County from Northampton County for the proceedings in the instant case and then returned to Northampton County. He contends that after he was released by Northampton County, he reasonably believed his supervision had been transferred there, and did not have to report to both places. *Id.* at 18-19.

Madsen further asserts the evidence does not establish he absconded because he kept in touch with the Northampton County probation department. He argues Officer Aponte testified he did not check for Madsen at the addresses on file with either probation department. *Id.* at 17-18. He also argues that Officer Aponte testified that Madsen told him he had been living out of his minivan, and argues that his transience should not be grounds for a violation of probation. *Id.* at 20.

"Revocation of a probation sentence is a matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on

appeal in the absence of an error of law or an abuse of discretion." ***Commonwealth v. Parson***, 259 A.3d 1012, 1019 (Pa.Super. 2021).

Section 9754(b) states that the court shall attach the conditions of probation to the order of probation, as authorized under section 9763. 42 Pa.C.S.A. § 9754(b). Section 9763 lists 15 conditions the court may impose, including, "To report as directed to the court or the designated person and to permit the designated person to visit the defendant's home." 42 Pa.C.S.A. § 9763(b)(12). Probation officers may impose additional, more specific conditions of supervision, so long as they are "germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court," and do not exceed the relevant statutory authority. ***Commonwealth v. Shires***, 240 A.3d 974, 977-78 (Pa.Super. 2020) (citation omitted).

The court may only revoke probation upon a preponderance of evidence that the defendant violated a condition of probation or supervision. ***See*** 42 Pa.C.S.A. § 9771(b); ***Shires***, 240 A.3d at 978 (discussing ***Commonwealth v. Elliott***, 50 A.3d 1284, 1292 (Pa. 2012)). In reviewing whether the evidence met this standard, we view the evidence and all reasonable inferences in the Commonwealth's favor. ***Commonwealth v. Simmons***, 56 A.3d 1280, 1285 (Pa.Super. 2012).

The court did not commit an error of law or abuse its discretion in determining a preponderance of the evidence established that Madsen violated a condition of his probation. The court was authorized to impose as a condition of probation that Madsen report as directed to a designated person, and

Madsen's order of probation clearly stated that he was to be supervised by Lehigh County Adult Probation. It notified Madsen that he was to report on the first business day and listed the address where he was to report. It also instructed Madsen to comply with any rules, regulations or conditions imposed by Lehigh County Adult Probation. Thus, reporting as directed to Lehigh County Adult Probation was properly a condition of Madsen's probation duly imposed by the court, and Lehigh County Adult Probation could impose any conditions on Madsen's supervision that were germane to Madsen's obligation to report there. **See Shires**, 240 A.3d at 977-78.

Officer Aponte testified that he began supervising Madsen in October 2023, and that Madsen had already been reporting to Lehigh County "sporadic[ally]" before that. N.T., Gagnon II Hearing, 4/1/24, at 5-6. Officer Aponte met with Madsen in the Lehigh County Office of Adult Probation on October 16, 2023. **Id.** at 8. On that day, he gave Madsen written and verbal notice of his duty to report again on December 12, 2023. **Id.** at 6-7. Madsen did not report as directed. **Id.** at 7. This testimony establishes that Madsen understood, at the very least, that he was to report to Lehigh County Adult Probation on December 12, 2023, as a condition of his probation/supervision, and failed to do so.

Other evidence confirms that Madsen's failure to report to Lehigh County Adult Probation was intentional. MacLean testified that Madsen reported to her several times after he last reported to Lehigh County. **Id.** at 14-16. When she met with Madsen on December 19, 2023, after he missed his December 12

meeting with Officer Aponte, she discussed the missed report date with Madsen and advised him to contact Lehigh County. *Id.* at 16-17. Madsen did not do so.

In addition, Officer Aponte testified that the day after the arrest warrant was issued, on January 30, 2024, Madsen contacted Northampton County Adult Probation, which contacted Officer Aponte. *Id.* at 10-11. Officer Aponte asked Northampton County to ask Madsen to report to Lehigh County. *Id.* at 11. Madsen did not do so. Instead, Madsen was found on February 5, 2024, during a traffic stop. *Id.*

Thus, the evidence does not support Madsen's argument that he was unaware that reporting to Lehigh County Adult Probation was a condition of his probation. Rather, the preponderance of the evidence establishes that Madsen understood that requirement and intentionally disregarded it. We therefore affirm the court's revocation of Madsen's probation. As Madsen has completed serving his sentence, mooting his other issues, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/29/2025