J-S30004-23
J-S30005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFRED JOSEPH BARLOW | : | |
| | : | |
| Appellant | : | No. 3057 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 4, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003866-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALFRED J. BARLOW | : | |
| | : | |
| Appellant | : | No. 3062 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 4, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0005451-2019

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED OCTOBER 31, 2023**

In these cases, which we *sua sponte* consolidate herein, Appellant, Alfred Joseph Barlow, appeals from the judgment of sentence of an aggregate term of one to two years' incarceration, imposed after terms of probation and parole he was serving were revoked and he was resentenced.  On appeal,

Appellant solely challenges the discretionary aspects of his sentence. After careful review, we affirm.

In August of 2021, Appellant pled guilty to one count of retail theft in case No. CP-09-CR-0005451-2019 ("case 5451-2019"), and was sentenced to time served to 23 months' incarceration. That same day, Appellant also pled guilty, in case No. CP-09-CR-0003866-2020 ("case 3866-2020"), to a single count of retail theft and was sentenced to one year probation. Thereafter, Appellant was released on parole in case 5451-2019, and was also serving probation in case 3866-2020, when he violated the terms/conditions of his parole and probation. Specifically, at the revocation and resentencing hearing, the Commonwealth stated the following facts regarding Appellant's violations:

> [The Commonwealth:] … Your Honor, [Appellant] failed to report on June 1st of 2022, and he failed to be available for his prescheduled home visit.
>
> [Appellant] submitted an oral fluid test with an overall positive test result for THC on December 2nd of 2021.
>
> On May 19th of 2022, while at Jefferson Hospital, [Appellant] was advised by — he advised female staff that he had thigh pain. This is a new arrest, Your Honor. He proceeded to pull out his erect penis, grab the woman's breast, and there is still currently an active warrant from Philadelphia Police Department for the indecent exposure and fondling of an adult. And I believe that there is a detainer lodged against [Appellant] from Philadelphia for those outstanding charges.
>
> On June 9th of 2022[, Appellant] was arrested in Bensalem Township and was charged with robbery. It looks like several counts of robbery. And that was assigned Bill No. 3200 of 2022. On July 6th of 2022[, Appellant] was given a reduced bail on those charges.

- 2 -

On October 6th of 2022[, Appellant] pled guilty to two counts of retail theft and two counts of receiving stolen property. All other charges were *nol-prossed*, and sentencing was deferred to today to be heard before Your Honor.

Again, this is [Appellant's] first violation. He has made no efforts to make any payments on his court fines and costs, no restitution has been ordered in any of those cases.

On October 7th[, Appellant] was referred to Family Services. He was also referred to Family Services again on December 2nd. And on April 7th of 2022[, Appellant] was again referred and directed to obtain a drug and alcohol evaluation and a mental health evaluation. On May 5th[, Appellant] was again directed to obtain a mental health and drug and alcohol evaluation.

On June 10th[,] he was given new charges. [Appellant] — the department lodged a detainer against [Appellant] and [he] was provided information on July 14th of 2022 in reference to mental health court.

On August 23rd of 2022[, Appellant's probation/parole violation] notice was sent to his case manager at Bucks County Correctional Facility. [Appellant] was provided an application for mental health court, but he indicated he's not interested in being a part of the treatment court.

He's had several misconducts while in custody. On June 14th of 2022[, Appellant] incurred two Class 1 misconducts for sexual misconduct and disobeying a direct order. [Appellant] was witnessed by a nurse in the dispensary to be masturbating over his jumper. He was asked to stop, and he continued his hand motions. He was then asked to leave, and he refused to do so. Correctional officers had to remove him from the dispensary, and [Appellant] was sentenced to 30 days in the Restrictive Housing Unit.

On September 7th of 2022[, Appellant] incurred two Class 1 misconducts for creating a disturbance and attempting to commit an assault. [Appellant] lunged at the K9 whose name is Burger in an aggressive manner. [Appellant] was found guilty of creating a disturbance and not guilty of an attempt to commit an assault…. He was sanctioned to 20 days in the Restrictive Housing Unit.

On September 8th of 2022[, Appellant] incurred a Class 1 misconduct for disobeying an order. [Appellant] refused to allow

- 3 -

correctional officers to house another inmate in the Restrictive Housing Unit Cell and he refused to allow anyone in the cell. [Appellant] was found guilty and sanctioned to ten days suspended sanctions.

N.T. Hearing, 11/4/22, at 8-12.

After Appellant had the opportunity to speak, *see id.* at 15-23, the court found him in violation of his probation in case No. 3866-2020. *Id.* at 28. The court revoked Appellant's probation and resentenced him to a term of one to two years' incarceration. *Id.* In case No. 5451-2019, the court found Appellant in violation, revoked his term of parole, and resentenced him to serve the remainder of his back time concurrently with his sentence in case No. 3866-2020. *Id.* Thus, Appellant's aggregate sentence is one to two years' incarceration.

Appellant filed a timely motion for reconsideration of his sentence on November 10, 2022. However, the trial court did not address Appellant's motion before he filed timely notices of appeal, which we consolidate herein.[1] On December 15, 2022, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and

_____

[1] Appellant's motion to reconsider did not toll the thirty-day period to file an appeal from the sentence imposed following the revocation of his probation and parole. *See* Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period."); *Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) ("An appellant whose revocation of probation sentence has been imposed after a revocation proceeding has 30 days to appeal her sentence from the day her sentence is entered, regardless of whether or not she files a post-sentence motion.").

Appellant timely complied on January 4, 2023. The court issued a Rule 1925(a) opinion on February 3, 2023.

In Appellant's identical appellate briefs filed in each of his present two cases, he states one issue for our review: "Did the trial court abuse its discretion in sentencing Appellant where the trial court failed to consider all relevant factors resulting in a manifestly unreasonable sentence?" Appellant's Brief at 7 (unnecessary capitalization omitted).

> Our standard of review is well settled:

> In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. Further, revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion.

*Commonwealth v. Shires*, 240 A.3d 974, 977 (Pa. Super. 2020) (cleaned up).

> Here, Appellant challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> > We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence

- 5 -

appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, *supra* at 912–13.

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010)).

In this case, Appellant has met the first three requirements for review of a claim implicating the discretionary aspects of his sentence. In his Rule 2119(f) statement, he contends that in imposing his sentence, the court "failed to consider all relevant factors such as Appellant's age, family history, or rehabilitative needs." Appellant's Brief at 11. He contends that his sentence is therefore "manifestly excessive and unreasonable." *Id.* at 12. We consider Appellant's claims as constituting a substantial question for our review. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (citation and quotation marks omitted) ("[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.").

In reviewing the merits of Appellant's sentencing challenge, we are mindful that,

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Presently, Appellant focuses his argument on claiming that the trial court failed to consider his rehabilitative needs. As he observes, he "testified at length regarding those needs[,]" explaining that he "suffers from a number of mental health problems[,]" including "bipolar disorder, anxiety, and depression." Appellant's Brief at 14 (citing N.T. Hearing at 17). According to Appellant, he "was in the community on probation and parole and was doing very well[,] … working full time and supporting his four children." ***Id.*** He claims that he "attempted to get drug and alcohol and mental health treatment[,] but had a difficult time doing so because he did not have the required identification." ***Id.***; ***see also*** N.T. Hearing at 18-19. Appellant further contends that the violations he committed were due to his not taking his mental health medication and being intoxicated, yet "[i]nstead of fashioning a sentencing which would allow Appellant to participate in meaningful treatment," the trial court sentenced him to serve a sentence that

"is manifestly excessive and unreasonable." ***Id.*** at 15.  Thus, Appellant asks that we vacate his sentence and remand for resentencing.

No relief is due.  As the trial court aptly explained:

The Pennsylvania Sentencing Code requires that, when imposing sentence, a court must consider the protection of the public, the gravity of the offense as it relates to the impact on the victim and the community, the defendant's rehabilitative needs and the sentencing guidelines.  42 Pa.C.S. § 9721(b).  These were the factors used when determining Appellant's sentence and are proper under Pennsylvania law.  On the record[,] we stated our reasons for the sentences imposed, despite the numerous interruptions by Appellant:

> THE COURT: Listen — I listened to you, now you can listen to me, okay?  … [Y]ou go out and you get drunk.  And then you commit a crime.  You steal things from two different stores, okay?  So that's when you're on probation, that's when you're on supervision, you do that.  […] So you then go to jail.  And then when you're in jail, you get at least four misconducts, you know, Class 1 misconducts.  So what do you expect, that I keep you out on the street on probation, or that I keep you in Bucks County Correctional Facility?  You've demonstrated to me that you're not capable of conforming your conduct to either of the requirements of those places.  On the street —
>
> THE [APPELLANT]: But --
>
> THE COURT: -- you don't take your medicine, you get drunk, you commit new crimes.  You go to jail, you bother everybody, you get four misconducts.

N.T. [Hearing at] 23-24.

Appellant … clearly has a lack of respect for authority.  Here, our decision to impose the sentences for the violations in case number 5451-2019, and case number 3866-2020[,] was clearly supported by 42 Pa.C.S. § 9771[.]  Appellant … was convicted of another crime, and the sentence was essential to vindicate the authority of the court.  While the sentencing guidelines were not specifically referenced during the sentencing hearing, they were carefully explained to Appellant … at the entry of the guilty plea.  Ordering

- 8 -

the sentences to run consecutively is well within our discretion;[2] a lesser sentence would depreciate the seriousness of the crime and diminish the authority of this court.

Trial Court Opinion, 2/2/23, at 8-9.

We discern no abuse of discretion by the trial court. The court heard and considered Appellant's testimony about his mental health and drug/alcohol addiction issues. However, it also heard that Appellant has squandered multiple opportunities to rehabilitate himself, instead choosing to not take his medication, consume drugs and alcohol, and commit new crimes. He also has not conformed his behavior while incarcerated in the county jail. This record supports the court's determination that Appellant's rehabilitative needs are outweighed by the necessity of the court to protect the public and vindicate its authority. Therefore, Appellant's sentence is not an abuse of the court's discretion.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2023

---

[2] The court's remark about consecutive sentences refers to the fact that it imposed Appellant's sentence for his probation revocation to run consecutively to a sentence of one to two years' imprisonment that the court imposed for charges in another, unrelated case that is not presently before us on appeal.