J-A22036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDELMIRO MORALES | : | |
| | : | |
| Appellant | : | No. 1747 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001720-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDELMIRO MORALES | : | |
| | : | |
| Appellant | : | No. 1748 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013889-2014

BEFORE:   LAZARUS, P.J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 12, 2025**

In these consolidated appeals,[1] Edelmiro Morales appeals from the May

29, 2024 aggregate judgment of sentence of 5 to 12 years' imprisonment,

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant's appeals at Nos. 1747 EDA 2024 and 1748 EDA 2024 were consolidated by **per curiam** order of this Court on September 23, 2024.

followed by 1 year of re-entry supervision, imposed after the trial court found him in direct violation of his probation at CP-51-CR-0013889-2014 and CP-51-CR-0001720-2018. After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the certified record, are a follows: On April 23, 2015, Appellant entered a negotiated guilty plea before the Honorable Rayford A. Means to one count of possession with intent to distribute a controlled substance[2] (hereinafter, "the 2015 matter"). Appellant was sentenced in the 2015 matter to 4 to 23 months' imprisonment, followed by 3 years' reporting probation.

Thereafter, Appellant was arrested for illegally possessing a firearm while he was on probation in the 2015 matter. On May 16, 2018, Appellant entered an open guilty plea before Judge Means to persons not to possess firearms and firearms not to be carried without a license,[3] and was found in direct violation of probation (hereinafter, "the 2018 matter"). Appellant was ultimately sentenced to an aggregate term of 11½ to 23 months' imprisonment, followed by 8 years' reporting probation.

While serving his newest probationary sentence in both the 2015 and 2018 matters, Appellant was again arrested for illegally possessing a firearm. Following a bench trial before the Honorable Donna Woelpper, Appellant was

---

[2] 35 P.S. §§ 780-113(a)(30).

[3] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1), respectively.

found guilty of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia[4] on November 14, 2023 (hereinafter, "the 2023 matter"). Appellant was ultimately sentenced in the 2023 matter to an aggregate term of 4 to 10 years' imprisonment, followed by 1 year probation.[5]

The 2015 matter and the 2018 matter were consolidated for a violation of probation ("VOP") hearing that was conducted on May 29, 2024 before the Honorable Natasha Taylor-Smith. Following the VOP hearing, the trial court found Appellant in direct violation of his probation and offered him his right to allocution, which Appellant declined. *See* notes of testimony, 5/29/24 at 14. That same day, the trial court resentenced Appellant in the 2015 matter to 4 to 8 years' imprisonment, followed by 1 year of re-entry supervision. The trial court also resentenced Appellant in the 2018 matter to a concurrent term of 5 to 12 years' imprisonment, followed by 1 year of re-entry supervision. As noted, Appellant's aggregate judgment of sentence was 5 to 12 years' imprisonment, followed by 1 year of re-entry supervision.

---

[4] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

[5] Appellant appealed his sentence in the 2023 matter, which was addressed in a separate memorandum of this Court at 1672 EDA 2024.

On June 9, 2024, Appellant filed a timely motion for reconsideration of his sentence. The trial court denied Appellant's motion on June 14, 2024. This timely appeal followed on July 8, 2024.[6]

Appellant raises the following issues for our review:

1. Whether the [trial] court imposed illegal sentences and/or abused its discretion when it considered [Appellant's] arrest that did not result in conviction?

2. Whether the [trial] court imposed illegal sentences and/or abused its discretion when it considered [Appellant's] invocation of his right to remain silent and not provide allocution?

Appellant's brief at 4.

It is well settled in this Commonwealth that "[i]n an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Slaughter*, 339 A.3d 456, 464 (Pa.Super. 2025) (citation omitted). A "[r]evocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Shires*, 240 A.3d 974, 977 (Pa.Super. 2020) (citation omitted). Appellant must "establish, by reference

---

[6] Appellant and the trial court have complied with Pa.R.A.P. 1925.

to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

The crux of Appellant's first claim is that trial court imposed an illegal sentence by considering his prior arrest that did not result in conviction in fashioning his sentence. Appellant's brief at 17-33. In support of his argument, Appellant relies on our Supreme Court's decision in *Commonwealth v. Berry*, 323 A.3d 641 (Pa. 2024).

In *Berry*, our Supreme Court addressed "whether a sentencing court lawfully may consider [a defendant's] record of prior arrests, which did not result either in juvenile adjudications or adult convictions, as a factor at sentencing." *Berry*, 323 A.3d at 643. The *Berry* Court held that a trial court commits an error of law when it relies upon prior arrests as a sentencing factor. *Id.* at 654. In reaching this decision, the *Berry* Court reasoned that "prior arrests are not probative at a sentencing hearing and are not otherwise relevant to the factors that are central to the sentencing determination." *Id.* at 651.

More recently, a panel of this Court addressed a similar issue in *Commonwealth v. Davis*, 341 A.3d 808 (Pa.Super. 2025). *Davis* involved a defendant who, like Appellant in the instant matter, claimed that his

sentence was illegal because the trial court relied upon his prior arrests – of which he was never convicted – in fashioning his sentence. ***Davis***, 341 A.3d at 810-811. The ***Davis*** Court found that defendant's illegal sentence claim on appeal challenged the discretionary aspects of his sentence, and thus, his right to appellate review was not absolute and had to be considered petition for permission to appeal. ***Id.*** at 812. In reaching this decision, the ***Davis*** Court reasoned that ***Berry*** did not change the long-standing proposition "that a claim a sentencing court relied on impermissible factors in imposing a sentence presents a challenge to the discretionary aspects of a sentence." ***Id.*** The ***Davis*** Court further noted that "[o]ur Supreme Court in ***Berry***, ... made clear that [defendant] had challenged the discretionary aspects of [his] sentence." ***Id.*** Thus, under ***Davis***, Appellant's claim that the trial court impermissibly considered his prior arrest in fashioning his sentence challenges the discretionary aspects of his sentence, and not the court's legal authority to impose the sentence.

Where an appellant challenges the discretionary aspects of his sentence, the right to appellate review is not absolute. ***Commonwealth v. Conte***, 198 A.3d 1169, 1173 (Pa.Super. 2018), ***appeal denied***, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's

- 6 -

> brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that Appellant filed a timely notice of appeal and has included a statement in his brief – "[i]n an abundance of caution" – that comports with the requirements of Pa.R.A.P. 2119(f). ***See*** Appellant's brief at 13-16. Appellant, however, failed to properly preserve his sentencing claim during the May 29, 2024 hearing or in a post-sentence motion. The record reflects that although Appellant's counsel objected to the court's consideration of Appellant's prior arrests that did not result in a conviction "**in determination of the VOP**," Appellant failed to specifically object to this information being considered during sentencing. ***See*** notes of testimony, 5/29/24 at 9-10, 14-16. Appellant also failed to specifically raise this issue in his June 9, 2024 post-sentence motion for reconsideration of sentence, instead arguing that: (a) his sentence "was manifestly harsh and excessive under the circumstances[;]" and (b) "the Court imposed the sentence based solely upon the Court's perception of the direct violation's seriousness, and [Appellant's] failure to allocute, to the exclusion of all other relevant sentencing factors, including but not limited to [Appellant's]

rehabilitative needs." Post-Sentence Motion, 6/9/24 at 4, ¶¶ 8-9. Accordingly, Appellant's discretionary sentencing claim is waived.

In any event, even if Appellant had not waived his discretionary sentencing claim, we would find it warrants no relief. It is well settled that where the trial court has the benefit of a pre-sentence investigation ("PSI") report, as is the case here, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014); *see also* notes of testimony, 5/29/24 at 14-15; trial court opinion, 8/23/24 at 9.

As the trial court reasoned in its November 22, 2024 opinion:

> The sentence imposed by this Court was lawful and based solely on facts that were legally relevant to Appellant's case. This Court did not take into account any prior arrests that did not result in a conviction.
>
> . . . .
>
> At the violation hearing, the Commonwealth stated information about one of Appellant's prior arrests that was later *nolle prosed*. [Notes of testimony, 5/29/24 at 9-10.] Counsel for Appellant indicated multiple times to this Court that the cases stemming from the arrests were *nolle prosed*. *Id.* This Court was well aware the arrests did not result in convictions and as such, precluded them in its considerations for sentencing. In fact, this Court explicitly states that as to Appellant's prior criminal history it took into consideration "the history of violation matters as chronicled both in the *Gagnon*[] report and in the

Court docket….″ *Id.* at 15. This Court did not take [Appellant's] prior arrests into consideration.

Trial court supplemental opinion, 11/22/24 at 2, 4 (citation formatting amended; internal quotation marks in original).

Appellant next argues that the trial court violated his Fifth Amendment right to remain silent during the sentencing phase and improperly considered his right to not provide allocution in fashioning his sentence. Appellant's brief at 33-40. This claim is baseless.

"The Fifth Amendment was enacted to protect against self-incrimination, whether [the suspect is] in custody or not, charged with a crime, or merely being questioned during the investigation of a crime." *Commonwealth v. Molina*, 33 A.3d 51, 63 (Pa.Super. 2011) (*en banc*) (citation omitted), *affirmed*, 104 A.3d 430 (Pa. 2014). This Court has recognized that the Fifth Amendment' privilege against self-incrimination prohibits the court from construing the defendant's silence during sentencing "as indicative of his failure to take responsibility for the crimes of which he was convicted[,]" or as "the sole basis for finding that the defendant lacked remorse." *Commonwealth v. Bowen*, 975 A.2d 1120, 1121, 1127 (Pa.Super. 2009)

In the instant matter, our review of the sentencing transcript as a whole reveals that the trial court did not violate Appellant's Fifth Amendment right to remain silent nor consider his silence when sentencing him. On the contrary, the record reflects that the trial court merely acknowledged Appellant's decision not to allocute on the record, and it did not take into

consideration this decision in fashioning his sentence. *See* notes of testimony, 5/29/24 at 14; *see also* trial court opinion, 8/23/24 at 6. Appellant's claim to the contrary is baseless. *See e.g.*, *Molina*, 33 A.3d at 63 (stating that the Fifth Amendment "does not impose a *prima facie* bar against any mention of a defendant's silence.").

Based on all of the foregoing, we affirm the trial court's May 29, 2024 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/12/2025